## State of Minnesota *vs.* Jay Owens.

### October 13, 1875.

**Selection and Drawing of Jurors in Ramsey County.**—Under ch. 88, Laws 1870, relating to the selection and drawing of grand and petit jurors in Ramsey county, whenever the names of the petit jurors preserved by the clerk, as required by its provisions, have been exhausted, it is competent for the court to make good such deficiency by a special venire.

**Indictment for Abortion—Allegation in Alternative.**—An indictment for abortion is not insufficient because it alleges in the alternative the use of different means in the commission of the crime.

**Same—Need not Allege that the Drug, etc., was Swallowed.** — An indictment under Laws 1873, ch. 9, § 1, averred "that defendant did unlawfully and feloniously procure one Julia A. Mann, a woman, etc., to take" the alleged drug, "with intent," etc., without stating that she "swallowed" the same. *Held* good.

**Same—Conviction of Lesser Offence.**—Under an indictment for the offence specified in § 1 of that act a conviction may be had for the offence mentioned in § 2 of the same statute.

**Same—Error without Prejudice.**—The court charged the jury that, in order to convict under said § 2, the absence of any necessity to preserve the life of the mother or child must be proved. *Held,* not error prejudicial to defendant.

**Same—Presumption in Favor of Charge.** — In its charge the court instructed the jury as follows: "As to the necessity of resorting to abortion to save the life of the mother or child, there is no question in this case. There is no pretence of any such necessity upon the case as it stands." It not appearing from the bill of exceptions how the facts were in this regard, it will be presumed they were such as warranted the instruction.

**Same—Accomplice.**—A woman upon whom the crime of abortion has been committed is not regarded as an accomplice.

**Same—Presumption in favor of Verdict.**—When a verdict can only be sustained upon the theory that there was evidence corroborative of that given by the prosecuting witness, it will be presumed that such was given in the absence of anything in the case as settled showing to the contrary.

**Same—Verdict.**—To convict of the offence specified by Laws 1873, ch. 9, § 2, it is not necessary that the jury find that the drug or medicine administered was likely to produce abortion, nor the character or quality of such drug or medicine.

The defendant was tried in the district court for Ramsey county, at the December term, 1874, upon the following

indictment, under Laws 1873, ch. 9, the two first sections of which are given in the margin :[1]

" Jay Owens is accused by the grand jury of the county of Ramsey, by this indictment, of the crime of abortion, committed as follows :

" The said Jay Owens, on the twenty-third day of April, A. D. 1874, at the city of Saint Paul, in this county, did wilfully, unlawfully and feloniously procure one Julia A. Mann, a woman, and then and there being pregnant with a child, to take a large quantity of medicines, or a large quantity of drugs, or a large quantity of noxious, pernicious and destructive substances, the names, ingredients, kinds, quality and quantity of said medicines, or of said drugs, or of said noxious, pernicious and destructive substances, being to the grand jury unknown, with the intent then and there thereby to cause the premature labor of her, the said Julia A. Mann ; the taking of said medicines, or drugs, or noxious, pernicious and destructive substances, by her, the said Julia A. Mann, not then and there being necessary to

[1] § 1. Any person who shall administer to any woman with child, or prescribe for any such woman, or suggest to, or advise, or procure, her to take any medicine, drug, substance, or thing whatever, or who shall use or employ, or advise or suggest the use or employment of, any instrument, or other means or force whatever, with intent thereby to cause or procure the miscarriage, or abortion, or premature labor, of any such woman, unless the same shall have been necessary to preserve her life or the life of such child, shall, in case the death of such child or of such woman results, in whole or in part, therefrom, be deemed guilty of a felony, and, upon conviction thereof, shall be punished by imprisonment in the state prison for a term not more than ten years, nor less than three years.

§ 2. Any person who shall administer to any woman with child, or prescribe, or procure, or provide, for any such woman, or suggest to, or advise, or procure, any such woman to take any medicine, drug, substance, or thing whatever, or shall use or employ, or suggest or advise the use or employment of, any instrument, or other means or force whatever, with intent thereby to cause or procure the miscarriage, or abortion, or premature labor, of any such woman, shall, upon conviction thereof, be punished by imprisonment in the state prison for a term not more than two years, nor less than one year, or by fine not more than five thousand dollars, nor less than five hundred dollars, or by such fine and imprisonment both, at the discretion of the court.

preserve the life of the said Julia A. Mann, or then and there the life of the said child with which she, the said Julia A. Mann, was then and there pregnant, as aforesaid, by the means whereof the premature labor of her, the said Julia A. Mann, was then and there caused; the said premature labor of her, the said Julia A. Mann, not being then and there necessary to preserve the life of the said Julia A. Mann, or the life of the said child with which she, the said Julia A. Mann, was then and there pregnant, by the means whereof aforesaid, the death of the said child, with which she, the said Julia A. Mann, was then and there pregnant, as aforesaid, then and there resulted; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Minnesota.

" Dated at the city of Saint Paul, in the county of Ramsey, Minnesota, the fourteenth day of May, A. D. 1874."

At the time of drawing jurors for such term there remained in the box the names of twenty-seven only of the list of petit jurors selected by the county commissioners for the year 1874, pursuant to Laws 1870, ch. 88, and these twenty-seven were duly drawn and summoned as the petit jury for the first week of the term, beginning December 1. On December 3 the court ordered a special venire for thirty petit jurors to issue, returnable December 7, as the petit jury for the second week of the term, which was issued and returned as ordered. The thirty persons so summoned duly appeared and constituted the petit jury in attendance when the case was called, (on December 10,) at which time, and before any juror was sworn, the defendant interposed a challenge to the panel as not selected in conformity with the law of 1870. The challenge was overruled, and defendant excepted. A jury having been sworn, the defendant objected to the admission of any evidence, because the indictment fails to state any offence, because it does not state that the defendant procured the said Julia A. Mann to take anything whatever, and because the alleged offence

attempted to be set forth is set forth in the disjunctive. The objections were overruled and the defendant excepted. Dr. H. C. Hand was called by the prosecution as an expert, and defendant objected, and excepted to his admission to testify as such, on the ground that he had not, on preliminary examination, shown himself competent.

The court—having charged, at defendant's request, in substance, that the jury could not convict the defendant of the offence charged in the indictment unless all the facts constituting such offence were proved beyond a reasonable doubt—added that they might convict of the lesser offence provided against in § 2 of the statute if they should find him guilty " of procuring Julia A. Mann to take drugs or medicines, she being pregnant at the time, for the purpose of causing a premature delivery of the child, the same not being necessary to preserve the life of the mother or the child, although an abortion did not actually result," to which the defendant excepted.

The court further charged the jury, under exception by defendant, as follows : " As to the necessity of resorting to abortion to save the life of the mother or child, there is no question here. There is no pretence of any such necessity upon the case as it stands."

The jury returned the following verdict :

[Title.] " We, the jury in the above mentioned case, find the defendant guilty of the charge in the indictment, as follows :

" That the said Jay Owens, on the 23d day of April, 1874, at the city of St. Paul, in Ramsey county, did wilfully, unlawfully and feloniously procure one Julia A. Mann, a woman, and then and there being pregnant with a child, to take a large quantity of medicines, or a large quantity of drugs, or a large quantity of noxious, pernicious and destructive substances, the names, ingredients, kinds, quality and quantity of said medicines, or of said drugs, or of said noxious, pernicious and destructive substances, being to the jury

unknown, with the intent then and there thereby to cause the premature labor of her, the said Julia A. Mann, the taking of said medicines or drugs, or noxious, pernicious and destructive substances by her, the said Julia A. Mann, not then and there being necessary to preserve the life of the said Julia A. Mann, or then and there the life of the said child with which she, the said Julia A. Mann, was then and there pregnant as aforesaid, by the means whereof the premature labor of her, the said Julia A. Mann, was then and there caused; the said premature labor of her, the said Julia A. Mann, not being then and there necessary to preserve the life of the said child with which she, the said Julia A. Mann, was then and there pregnant.''

A motion in arrest of judgment was denied, sentence was passed, and the defendant appealed.

*U. L. Lamprey*, for appellant.

*Geo. P. Wilson*, Attorney General, for the State.

CORNELL, J.   The challenge interposed to the panel of the petit jury by the defendant was properly overruled by the court.   Upon the admitted facts the very contingency of a deficiency of jurors had happened which authorized the issuing of a special venire, under Laws 1870, ch. 88, § 7.

" Where the offence may have been committed by the use of different means, the indictment may allege the means of committing the offence in the alternative." Gen. St. ch. 108, § 6.   Under this provision of the statute the indictment in the present case is sufficient as respects the means alleged to have been made use of to effect the crime charged.

The indictment charged, in the language of the statute, "that the defendant did unlawfully and feloniously procure one Julia A. Mann, a woman," etc., " to take " the alleged drug, etc., " with intent," etc.   It was not necessary, in addition thereto, to allege that the said woman " swallowed " the said drug.

The competency of Dr. Hand to give testimony as an expert in reference to the matter to which he was called was

sufficiently shown on his preliminary examination, and defendant's objections, founded upon his alleged incompetency, were properly overruled.

The indictment in this case charged the commission of the offence specified in Laws 1873, ch. 9, § 1, but a conviction was had under § 2 of the same statute. It is objected by the defendant that these sections do not relate to different degrees of the same offence, and hence that the first clause of Gen. St. ch. 114, § 18, which provides that "upon an indictment for an offence consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment, and guilty of any degree inferior thereto," has no application. Assuming that defendant is correct in this regard, the last clause of this section, providing that "in all other cases the defendant may be found guilty of any offence the commission of which is necessarily included in that with which he is charged in the indictment," fully sustains the ruling of the court upon this subject and the verdict of the jury. It is quite obvious that all the elements requisite to constitute the crime specified in § 2 of the statute are necessarily included in the commission of the offence under § 1. Whether, in order to convict under § 2, the jury must find the absence of any necessity to preserve the life of the mother or the child, as would be the case under § 1, need not be considered, inasmuch as it is evident that the ruling of the court, as well as the verdict of the jury to that effect, could by no possibility have prejudiced the defendant.

It is also objected by defendant that the court erred in charging the jury that, " as to the necessity of resorting to abortion to save the life of the mother or child, there is no question here. There is no pretence of any such necessity upon the case as it stands." As the defendant's bill of exceptions does not purport to contain the whole case as it appeared in the court below, no error can be predicated upon this ruling such as we would be at liberty to consider. It

cannot be presumed that the facts did not warrant the charge.

A woman upon whom an abortion has been feloniously produced is not regarded, in law, as an accomplice in the commission of the offence. *Dunn* v. *The People*, 29 N. Y. 523; *Com.* v. *Wood*, 11 Gray, 85. There was no error in the ruling of the court in this regard.

Pending the appeal in this case the legislature has amended Laws 1873, ch. 9, § 2, by adding thereto the following clause: "But no conviction shall be had under the provisions of sections one and two of this act upon the uncorroborated evidence of such a woman," (Laws 1875, ch. 49,) and it is now claimed that this court should grant a new trial because the conviction was had upon the uncorroborated testimony of the said Julia A. Mann. It is a sufficient answer to this position that it does not affirmatively appear from the record before us that there was no such corroborative evidence, and as the case as settled does not purport to contain all the testimony upon this point, the legal presumption is that there was sufficient competent evidence to support the verdict.

As to the verdict, it is deemed sufficient within the rule laid down in the case of *State* v. *Ryan*, 13 Minn. 370.

Section 2, of the act of 1873, makes it a crime to "prescribe, or procure, or provide, for any such woman" (woman with child) "to take any medicine, drug, substance, or thing whatever," etc., "with intent thereby to procure the miscarriage, or abortion, or premature labor, of any such woman." Under this section it is not necessary, to make the crime complete, that the attempt should have the result intended, nor that the thing administered should be of such a character as is likely to produce such result. 2 Bish. Cr. Proc. § 5. If the intent be to procure abortion, the prescribing, procuring, or providing, for any such woman to take anything whatever, no matter what its character may be, for the purpose of carrying out such

intent, is criminal. For this reason it is not necessary that the jury should be able to determine the ingredients, kinds, quality, or quantity, of whatever thing is prescribed, procured, or provided, with such intent, and the statement in the verdict that the ingredients, kinds, quality, or quantity, of the thing which defendant procured the woman to take, with the guilty intent, are unknown to the jury, does not affect their finding that he did procure her to take something, with intent then and there thereby to cause premature labor.

The judgment and sentence of the district court is affirmed.