STATE OF MINNESOTA ex rel. HOWARD THURSTON v. WILLIAM C.
SARGENT and Another.[1]

January 3, 1898.

Nos. 10,966—(294).

**Criminal Law—Bribing Witness to Absent Himself from Trial—Juris-
diction over Offense Charged.**

The accused bribed or offered to bribe a witness to absent himself from
a trial to which he had been duly subpoenaed. *Held*, the accused cannot
be convicted under section 6385, G. S. 1894, as that section applies only
to cases where the witness was bribed, or attempted to be bribed, to give
false testimony, nor under sections 6386 and 6310, for aiding and abetting
the receiving of a bribe, and can only be convicted, under section 6383, of
a misdemeanor, of which a justice of the peace has jurisdiction.

**Same—Misdemeanor—Holding to Grand Jury—Habeas Corpus.**

*Held*, chapter 106, G. S. 1894, which provides for preliminary examina-
tion of persons accused of crime, authorizes the committing magistrate
to hold the accused to the grand jury in cases where the evidence does
not show that any higher crime has been committed than one of which a
justice of the peace has jurisdiction, if the grand jury has power to indict
for the same; but the constitution guaranties the accused a speedy trial,
and, unless the grand jury is in session at the time the accused is com-
mitted or will meet shortly afterwards, it is an abuse of the powers of
the committing magistrate to hold the accused to await the action of the
grand jury in such a case, and the accused is entitled to redress by
habeas corpus.

Appeal by relator from an order of the district court for St. Louis
county, Cant, J., discharging a writ of habeas corpus directed to
William C. Sargent, sheriff, and another, and remanding relator to
the county jail. Reversed.

*Fryberger & Johanson*, for appellant.

*Geo. E. Arbury*, for respondents.

CANTY, J.

A criminal prosecution was instituted against one Smith in the
municipal court of Duluth on the charge of gambling or running a
lottery. He was arrested, pleaded not guilty, the case was set for

[1] Reported in 73 N. W. 626.

trial, and one Gustafson, the complaining witness, was duly sub-
poenaed to appear as a witness at the trial on behalf of the state.
After the time set for said trial, a criminal complaint was filed in
said municipal court reciting the foregoing facts, and charging the
appellant, Thurston, with having offered to Gustafson $15

"For the purpose of, and with the intent to, influence said Gustaf-
son to withhold true testimony and all his testimony in said cause,"
"knowing that said Gustafson was such witness and was so sub-
poenaed."

Thurston was arrested on a warrant issued on this complaint,
a preliminary examination was had, and on December 9, 1897, he
was ordered held to await the action of the grand jury. There-
upon he sued out of the district court a writ of habeas corpus, and,
the evidence taken on the preliminary examination having been
returned to that court, the matter came on for hearing on such
evidence, and on such hearing the writ was discharged, and the
relator remanded to custody. He appeals to this court from the
order remanding him.

The point made by appellant is that the evidence tends to prove
that he is guilty of a misdemeanor of which a justice of the peace
has jurisdiction, but that he is not guilty of any higher crime; that,
therefore, the municipal court should not have ordered him held to
await the action of the grand jury. In our opinion the point is
well taken. The evidence tends to prove that, after Gustafson
was subpoenaed as aforesaid, appellant offered him and another
witness $15 to leave Duluth, go over with appellant to West Su-
perior, Wis., and not appear at the trial of Smith, the $15 to be paid
after the parties had arrived at West Superior; that Gustafson
accepted the offer, went with appellant to West Superior, did not
appear at the trial, and has ever since remained out of the state.
The other witness refused to accept the bribe or disobey the sub-
poena with which he had been served.

The Penal Code abolished common-law crimes except such as are
deemed criminal or punishable by some statute. G. S. 1894, § 6286.
We have examined all the sections of our statutes to which our
attention has been called, and find none under which the appellant

can, on the evidence, be convicted of any higher crime than that of a misdemeanor punishable by imprisonment not exceeding three months, or by a fine not exceeding $100. Sections 98–100 of the Penal Code appear in G. S. 1894, as follows:

"6383. A person who wilfully prevents or dissuades any person who has been duly summoned or subpœnaed as a witness from attending pursuant to the summons or subpœna, is guilty of a misdemeanor.

"6384. A person who, without giving, offering or promising a bribe, incites or attempts to procure another to commit perjury, or to give false testimony as a witness, though no perjury is committed or false testimony given, or to withhold true testimony, is guilty of a misdemeanor.

"6385. A person who gives, or offers or promises to give, to any witness or person about to be called as a witness, any bribe, upon any understanding or agreement that the testimony of such witness shall be thereby influenced, or who attempts by any other means fraudulently to induce any witness to give false testimony or to withhold true testimony, is guilty of a felony."

Can the appellant be convicted, on the evidence, under any of these sections except section 6383? The state contends that he can be found guilty, under section 6385, of bribing or offering to bribe the witness "to withhold true testimony," and therefore can be convicted of a felony. We cannot so hold. When all of that section is read together, it is plain that it is directed, not against bribing or offering to bribe the witness to stay away from the trial, and give no testimony at all, but against bribing or offering to bribe him to give false testimony, or "to withhold true testimony" when testifying. The rule of noscitur a sociis applies to the statute here interpreted, as did that rule or the rule of ejusdem generis, to the statute interpreted in State v. McCrum, 38 Minn. 154, 36 N. W. 102.

This construction of section 6385 is strengthened by the fact that the words "to withhold true testimony" appear in a similar situation in section 6384, and these words, as there used, should be held to cover a case where, without bribery, the accused induced or attempted to induce the witness to absent himself from the trial, if the same words as used in section 6385 cover a case where the same result was accomplished, or attempted to be accomplished, by

bribery. But, if section 6384 were thus construed, it would render section 6383 wholly superfluous and unnecessary, as it would then cover every case covered by the latter section. Clearly, sections 6384 and 6385 should not be thus construed.

Let us now consider the two following sections:

"6386. A person who is, or is about to be, a witness upon a trial, hearing or other proceeding, before any court or any officer authorized to hear evidence or take testimony, who receives, or agrees or offers to receive, a bribe, upon any agreement or understanding that his testimony shall be influenced thereby or that he will absent himself from the trial, hearing or other proceeding, is guilty of a felony."

"6310. A person concerned in the commission of a crime, whether he directly commits the act constituting the offense, or aids and abets in its commission, and whether present or absent, and a person who directly or indirectly counsels, commands, induces or procures another to commit a crime, is a principal and shall be indicted and punished as such."

If it can be held that the briber is an accomplice or an aider or abettor of the person bribed, then these two sections apply, and appellant may, on the evidence, be convicted of felony. But it cannot be so held. Two persons must necessarily co-operate in bribery, the bribe-giver and the bribe-taker; but section 6386 mentions only one of these. Thus it is held that the woman on whom an abortion is performed is not an accomplice of the person performing the same. State v. Owens, 22 Minn. 238; 1 Am. & Eng. Enc. (2d Ed.) 390; People v. Vedder, 98 N. Y. 630. In the latter case the court said:

"The statute plainly contemplates two persons as co-operating in the commission of the crime, the one being the guilty person against whom the penalties of the statute are directed, and the other the subject upon whose body the crime is committed."

And it was held that the latter is not an accomplice. The same principle of construction should be applied here. Then the only section under which appellant can be convicted is section 6383, and the penalty is prescribed by section 6297, and cannot exceed three months' imprisonment or a fine of $100, so that a justice of the peace has jurisdiction.

But chapter 106, G. S. 1894, which provides for preliminary examinations of persons charged with crime, does not make any distinction between misdemeanors of which a justice of the peace has jurisdiction and higher crimes. Section 7133 provides: "Upon complaint being made to any such magistrate that a criminal offense has been committed," he shall reduce the complaint to writing, issue his warrant, etc. Section 7149 provides: "If it appears that an offense has been committed, and that there is probable cause to believe the prisoner guilty, and if the offense is bailable by the magistrate," he shall take bail, or in default thereof commit the prisoner. The grand jury has power to indict for nearly all misdemeanors of which a justice of the peace has jurisdiction, and chapter 106 gives the committing magistrate power to hold the accused to the grand jury in all such cases. In 1 Bishop, Cr. Proc. (3d Ed.) § 235, it is stated:

"If, on examining the testimony, it appears to the magistrate that he has complete jurisdiction over the offense concurrent with the higher court, he may, in his discretion, either bind over the prisoner to answer to such court or enter a conviction."

But it would seem that the accused is entitled to know in advance whether the proceeding is to be a preliminary examination or a trial on the merits, as in the latter case he may want to demand a jury trial or make a more thorough defense.

Again, the magistrate should not hold the accused to await the action of the grand jury, when it does not appear from the evidence that any offense has been committed except one of which a justice of the peace has jurisdiction, when the grand jury is not in session, or will not be impaneled in a short time. To hold him to await the action of the grand jury in such a case, would ordinarily be oppressive and unreasonable. Section 6 of article 1 of the constitution provides: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." If the accused is held to the grand jury shortly before the impaneling of that body, or while it is in session, he may have nothing of which to complain. If the complaint before the committing magistrate charges a crime of which a justice of the peace would not have jurisdiction (as it

usually does), a new complaint would have to be filed, charging only the grade of crime shown by the evidence, in order to give the justice jurisdiction to try the accused. But, instead of filing such new complaint before the justice, the prosecution may prefer to present the matter to the grand jury, and, if this causes no unreasonable delay, the accused cannot complain. But, if it causes such delay, he can complain.

From the time appellant was held to the grand jury until the next term of the district court was nearly a month. Then this appeal presents a case, not of want of power in the committing magistrate, but of abuse of power. It has been held that, if a different offense is disclosed by the evidence, the magistrate "may still hold the prisoner until a fresh complaint is drawn, covering the crime as proved." 1 Bishop, Cr. Proc. § 234.

In our opinion the committing magistrate should have found that the evidence does not show that any crime has been committed by appellant except one of which a justice of the peace has jurisdiction,and should have ordered appellant to be discharged within a reasonable time, to be fixed by the magistrate, unless in the meantime he is held in custody under new proceedings. This would be, in effect, holding the accused to await new proceedings before a justice of the peace, instead of holding him to await further proceedings before the grand jury. We are of the opinion that the accused is entitled to redress by habeas corpus.

It is therefore ordered that the order appealed from be reversed, and that appellant be discharged from custody within 24 hours after the remittitur herein is filed in the court below, unless in the meantime he is held under new proceedings commenced before a justice of the peace, or under an indictment found by the grand jury.