## STATE v. O. P. HECKLIN.[1]

June 21, 1929.

No. 27,487.

*A. L. Dretchko,* for appellant.

*G. A. Youngquist,* Attorney General, *James E. Markham,* Deputy Attorney General, and *W. O. Braggans,* County Attorney, for the state.

TAYLOR, C.

Defendant was convicted of an attempt to commit the crime of abortion, and appeals from the judgment and from an order denying a new trial.

[1]Reported in 225 N. W. 925.

Defendant challenges the sufficiency of the evidence to sustain the conviction. Detailing the evidence would serve no useful purpose. We have examined it and find that it fully justifies the verdict.

Defendant charges misconduct on the part of the county attorney. Counsel for defendant in his cross-examination of the girl elicited the fact that she had not been arrested. At the close of his cross-examination he said:

"Now, at this time, I want to make a motion. According to the testimony that is now before the court, and in order that the proper test of veracity may be attempted to be placed thereon, and according to the law of the state of Minnesota, I, at this time, not only as counsel for the defendant, but as a private citizen, I demand in the name of justice that a complaint be filed against Vivian Wosick for the crime which is covered by the testimony."

Thereupon the county attorney said:

"You can't have it, Mr. Eckstrom. You can't close the mouth of this witness to testify against this man Hecklin by any such proceeding of that kind. And if you had any request of that kind to make, you should have made it to the court in private and not before this jury, and you know it."

This statement of the county attorney is urged as misconduct. It was evoked by the highly improper conduct of defendant's counsel; and while the remarks of both had better been left unsaid, defendant cannot take advantage of the incident as a ground for reversal.

Defendant was a witness in his own behalf. The county attorney on cross-examination brought out the fact that defendant, at the noon recess the day before, had come to him and against his protest that defendant should not talk to him about the case, at least in the absence of his attorney, persisted in talking to him about it. The county attorney proceeded to question him concerning the conversation between them and asked if defendant did not make certain statements and if he, the county attorney, did not make certain statements. The questions were directed to the purpose of showing

an attempt to influence the action of the county attorney and the statements made as to what recommendation the county attorney would make in case of a plea of guilty. The county attorney asked defendant:

"Did you not say to me at that time that if I could get you off on probation that you would make it all right with me?" Defendant answered: "No, I didn't say that." The county attorney then asked: "Did I not reply to you that a money consideration would not influence my action in this matter one way or the other?" Defendant answered: "No, I didn't say that, and you know that I didn't;" and then said: "Let me tell the jury what you said." To which the county attorney responded: "Go ahead and say it." At this point defendant's counsel interposed: "Oh, I object to this. I don't think it is fair and proper." The court said: "If the witness wants to explain, why he has the privilege of doing so." Defendant said: "I will say nothing. I refuse to." His attorney then said: "Well, if they want it, go ahead and tell it." The examination then proceeded, and in the course of it defendant stated: "You told me to go up here and plead guilty. That is what you told me. You said, 'Go up here and plead guilty.' That is what you told me. You said, 'Go up here and plead guilty.' I said, 'guilty of what? Man what are you talking of? I am not guilty.' * * * And I told you I will prove to you after this case that I wasn't guilty, and I will."

Defendant predicates his claim of misconduct mainly upon the nature of this examination. But no objection was made to any of it except the single objection which we have noted, and which was immediately followed by what was in effect a consent to it. While we are not to be understood as approving such an examination, the record here will not justify a reversal on account of it. The other claims of misconduct are without merit and not of sufficient importance for special mention.

We find no errors in the rulings which were prejudicial or worthy of mention.

No exceptions were taken to the charge, but defendant urges that the court made a misstatement therein. After reading the information charging an attempt to commit the crime of abortion and the statute defining the offense of abortion, the court charged the jury "that under the law, if an attempt is made to produce a miscarriage under the circumstances set forth in the statute, that constitutes the crime of abortion." Defendant claims that the court should have stated that it "constitutes the crime of an attempt to commit an abortion," and erred in stating that it "constitutes the crime of abortion," a greater crime. Stating that the acts mentioned would constitute the crime instead of stating that they would constitute the offense of an attempt to commit the crime was plainly an inadvertence which unquestionably would have been corrected had attention been called to it. But it could not have been prejudicial to defendant for he was only charged with the lesser crime.

We find nothing in the record of which defendant can justly complain, and the order and judgment are both affirmed.