STATE v. FRED SCOTT.[1]

May 27, 1938.

No. 31,640.

[1]Reported in 279 N. W. 832.

*John A. Wasgatt* and *Leo J. Seifert,* for appellant.

*William S. Ervin,* Attorney General, *Roy C. Frank,* Assistant Attorney General, and *C. L. Erickson,* County Attorney, for the State.

GALLAGHER, CHIEF JUSTICE.

Defendant was convicted of grand larceny in the second degree in the district court of Martin county. He appeals from the judgment of conviction.

The information charged defendant with stealing 40 buff Orpington chickens of the value of $32 from one J. W. Craven. At the trial, the state, in order to procure a conviction, offered the testimony of two accomplices, Charles Scott, age 16 years and Guy Scott, age 20 years, nephews of defendant. The only question presented on the appeal has to do with whether there is any evidence tending to convict defendant of the offense with which he is charged in corroboration of the testimony of the accomplices. If there is the conviction must stand. If not, we have no choice but to accord defendant the benefit of the provisions of 2 Mason Minn. St. 1927, § 9903, and grant a new trial.

It is conceded that Charles Scott and Guy Scott were accomplices. They have both pleaded guilty and have been punished for the same offense. Charles testified that at about one o'clock on the morning of June 22, 1937, he accompanied his brother Guy and defendant in the latter's Dodge automobile to the home of one C. F. Craven in Center Creek township, Martin county, where the chickens in question were stolen. He also testified that defendant parked his automobile in a lane near the buildings on the Craven farm; that the three men carried the chickens from the chicken house to

the automobile in gunny sacks; that they then drove to Granada, where Guy Scott left the party, after which Charles and defendant drove to Fairmont. There they met an unidentified party with a truck, who purchased the chickens and paid defendant therefor the sum of $38, out of which he paid Charles the sum of $7. Guy Scott, the other defendant, testified to practically the same things as Charles.

Only two witnesses were called by the state. Mr. Craven, the owner of the chickens, testified that on the night in question he was awakened about one a. m. by the squawking of chickens and the barking of a dog. In company with the hired man, he went out into the yard. While there he saw a car back out of the lane and drive in a westerly direction. Craven and the hired man followed in Craven's automobile but soon lost track of the car in which the thieves were riding.

William A. Matthies, sheriff of Faribault county, testified that while Guy Scott, one of the accomplices, was in jail in Blue Earth, he told Matthies about the stealing of the Craven chickens and that Fred and Charles Scott were implicated in the thievery. Later, in company with the sheriff, Guy went to the Craven farm and pointed out the place in the driveway where defendant parked his car. He also showed the sheriff the path followed in carrying the poultry from the chicken house to the automobile.

1. At common law the testimony of an accomplice, if it satisfied the jury beyond a reasonable doubt of the guilt of defendant, was sufficient to warrant a conviction although it was not corroborated. 16 C. J. p. 696, § 1423. Even where the common-law rule is recognized, it is in practical effect very strictly limited, the view being asserted that while the jury may convict upon the uncorroborated testimony of an accomplice they ought not to do so. 16 C. J. p. 697, § 1424. Because of the dangers incident to a conviction upon the uncorroborated testimony of accomplices, the legislatures of many states, including Minnesota, have adopted statutes prohibiting a conviction upon the testimony of an accomplice unless it is corroborated by other evidence tending to convict the defendant of

the offense with which he is charged. 2 Mason Minn. St. 1927, § 9903, reads:

"A conviction cannot be had upon the testimony of an accomplice, unless it is corroborated by such other evidence as tends to convict the defendant of the commission of the offense, and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof."

The reason for requiring the testimony of an accomplice to be bolstered up by corroborating testimony is that it is the testimony of one admittedly corrupt, and that it is likely to have been given in the hope that, by turning state's evidence, the witness may receive clemency. State v. Smith, 144 Minn. 348, 175 N. W. 689; State v. Jackson, 198 Minn. 111, 268 N. W. 924.

The statute, however, does not require a case to be made out against a person accused of a crime sufficient for his conviction before the testimony of an accomplice can be considered, but the corroborating evidence must, independent of the testimony of the accomplice, tend in some degree to establish the guilt of the accused but need not be sufficiently weighty, standing alone, to justify a conviction. State v. Korsch, 168 Minn. 354, 210 N. W. 10; State v. Baker, 161 Minn. 1, 200 N. W. 815; State v. Whitman, 103 Minn. 92, 114 N. W. 363, 14 Ann. Cas. 309. Evidence which relates exclusively to the fact of the commission of the crime and the circumstances thereof, as distinct from defendant's connection therewith, is not sufficient. State v. Duncan, 158 Iowa, 652, 138 N. W. 913; 16 C. J. p. 703, § 1435.

We have carefully scrutinized the record to ascertain whether it contains any evidence tending to connect the defendant with the crime charged, other than that relating to the commission of the offense or the circumstances thereof, and have reached the conclusion that the record is void of such evidence. True, it contains corroborative testimony to the effect that the chickens were stolen; that an automobile was parked in the lane at the place testified to by the accomplices; and that it was driven away from the Craven home in the direction testified to by them. But all these facts re-

late to the commission of the crime and the circumstances thereof. Leave out the testimony of the accomplices, and there would be no evidence concerning the theft of the chickens, or the place where the automobile was parked or the direction it traveled that would in anyway connect defendant with the theft.

The state contends that there was proof of the commission of other crimes by defendant, but the weakness of the state's position in that respect is that the testimony of the accomplices concerning the other crimes also stands uncorroborated. The uncorroborated testimony of accomplices as to other crimes cannot be made the basis of corroboration as to a separate offense for which a person is being tried.

While the accomplices testified that they went to the premises in defendant's automobile, there was no testimony indicating that the tracks on the ground where the automobile was parked corresponded with tire marks on an automobile owned by defendant, or even that defendant was the owner of a Dodge automobile similar to the one referred to by the accomplices in their testimony. Nor was there any evidence connecting defendant with the theft of the chickens other than the testimony of the two accomplices.

■ That raises the question whether the testimony of one accomplice may be corroborated by the testimony of another accomplice. We do not think so. Greenleaf lays down the rule in Vol. 1, Evidence (16 ed.) § 381, p. 521, that "if two or more accomplices are produced as witnesses, they are not deemed to corroborate each other; but the same rule is applied, and the same confirmation is required, as if there were but one." Underhill, Criminal Evidence (4 ed.) § 158, p. 269, says: "Corroboration by independent evidence is not dispensed with where several accomplices testify against the accused. The accomplices are not deemed to corroborate each other." Other courts have held to the same effect: People v. O'Farrell, 175 N. Y. 323, 67 N. E. 588; State v. Bolton, 65 Mont. 74, 212 P. 504; State v. Gillum, 39 Idaho, 457, 228 P. 334; Hanna v. State, 30 Okl. Cr. 354, 235 P. 928.

The state in its brief assigned as corroborative some testimony given by the witness Guy Scott with reference to the conversation

between one of defendant's counsel and Scott while the latter was confined in the jail at Blue Earth. We fail to find any inference of misconduct on the part of counsel in connection with this incident, and if such an inference appears in the state's brief it was properly withdrawn by counsel for the state on the oral argument.

The failure of the defendant to testify in his own behalf or to produce evidence to meet that furnished by the accomplices could not be considered against him. He was not required to be a witness against himself nor was he required to produce evidence to meet the uncorroborated testimony of the accomplices.

We regret the necessity of granting a new trial in this case. It would indeed be unfortunate if the accomplices should be required to pay the penalty and defendant, an older man, go scot free after implicating them in the crime, if he took part therein as claimed by the accomplices. But we are confronted with the statute, which prohibits conviction upon the testimony of accomplices unless corroborated by other evidence tending to convict the defendant of the offense charged. The corroborative proof, as we view it, tended to prove the commission of the offense and the circumstances thereof, but did not connect or tend to connect defendant with its commission.

Reversed and new trial ordered.