STATE v. P. J. PANETTI.[1]

June 17, 1938.

No. 31,740.

[1]Reported in 280 N. W. 181.

*George Hagen,* for appellant.

*William S. Ervin,* Attorney General, *Roy C. Frank,* Assistant Attorney General, and *F. H. Stadsvold,* County Attorney, for the State.

HOLT, JUSTICE.

Defendant was convicted of sodomy committed in his apartment at Crookston, Minnesota, upon one Allen, 16 years old. Allen became acquainted with defendant through the youth Arthur, 19 years of age. Arthur was a witness for the state and testified that he had visited defendant's apartment one evening where he had been treated to beer. He saw defendant the following Monday evening, August 11, 1936, when defendant asked him where his friend Allen was, and requested Arthur to find him and that they meet defendant at a certain place, where he would come for them and take them to Grand Forks; that Arthur did as requested and brought Allen to the appointed place; that shortly defendant came there with his car, they got in, and defendant drove to Grand Forks; that defendant had liquor, which they consumed on the way; that they stopped at a pool hall in Grand Forks, had lunch and beer there at defendant's expense; that he furnished Arthur with 25 cents in order that the boys might play pool while defendant was elsewhere; that he came for them as agreed and drove back to Crookston; that the boys were let out of the car in front of the Independent Store, two blocks from defendant's apartment, and told to walk from there; that during the whole trip, and especially in Crookston, particular pains were taken by defendant to avoid being seen in company with or talking to the boys; that the boys came up to the apartment as told; that after some more drinking defendant committed the offense charged with Allen, then with Arthur, both acts being committed

in the presence of the three. On cross-examination Arthur testified thus:

Q. "When you stopped in front of the Independent Store and walked back to his apartment, back to Panetti's rooms, did you know what you were going to do?
A. "Sure.
Q. "Did you know what you were going up for?
A. "Yes.
Q. "You don't know if Allen knew or not?
A. "No, I don't know whether Allen knew or not."

This is enough of a statement of the circumstances of the crime to show the point upon which our decision must rest. .

The court properly instructed the jury that:

"A conviction cannot be had upon the testimony of an accomplice unless it is corroborated by such other evidence as tends to convict the defendant of the commission of the offense, and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof." 2 Mason Minn. St. 1927, § 9903.

The jury were also charged that Allen was an accomplice, and this correctly, for he voluntarily participated in the offense. The court refused to allow the jury to determine whether or not Arthur was an accomplice, but directly charged the jury that he was not an accomplice as a matter of law, and hence his testimony, if found true, supplied the necessary corroboration of the testimony of Allen, the accomplice. Defendant excepted. In State v. Farris, 189 Iowa, 505, 178 N. W. 361, the statute as to the testimony of an accomplice being the same as our § 9903, the court held that under the Iowa code permitting all persons concerned in the commission of a public offense to be indicted as principals (178 N. W. 361) "one who was present by previous agreement with the accessory to sodomy for the purpose of himself committing a similar offense at same time with one of the parties, is an 'accomplice.' " It appears to us, contrary to the assertion of the state, that the facts there are

so similar to those here present that the two cases cannot be differentiated. To be sure, the offense committed with Allen is a separate offense from that he committed with Arthur, and the conviction of defendant for the former would be no bar to a prosecution for the latter. Our statute like that of Iowa provides:

"Every person concerned in the commission of a crime, whether he directly commits the act constituting the offense, or aids and abets in its commission, and whether present or absent, and every person who directly or indirectly counsels, encourages, hires, commands, induces, or otherwise procures another to commit a crime, is a principal, and shall be indicted and punished as such." 2 Mason Minn. St. 1927, § 9917.

Another case not quite so much in point as the Farris case is State v. Start, 65 Or. 178, 132 P. 512, 46 L.R.A. (N.S.) 266. The test to be applied is whether Arthur could have been indicted and convicted of the offense with which defendant was charged. State v. Durnam, 73 Minn. 150, 75 N. W. 1127; State v. Gordon, 105 Minn. 217, 117 N. W. 483, 15 Ann. Cas. 897; State v. Price, 135 Minn. 159, 160 N. W. 677. We think, upon the evidence received, that Arthur could be convicted of aiding and abetting defendant in the offense committed with Allen. A jury could find that Arthur sought out Allen at defendant's request, knowing what the purpose was, notwithstanding his testimony that nothing improper took place with defendant on Arthur's first visit. After the trip to Grand Forks, Arthur admittedly knew the purpose for the visit of himself and Allen to defendant's apartment. The jury could find that he aided and participated in whatever defendant did with Allen. Arthur was 19 years old, Allen was only 16 years. They had been long-time friends. The jury could find that Arthur exerted an influence on Allen because of his age, and for that reason defendant asked Arthur to induce Allen to come to his apartment. Whether a witness produced is an accomplice is generally a fact to be determined by the jury where there is conflict in the evidence or evidence from which different conclusions may be drawn. State v. Lawlor, 28 Minn. 216, 9 N. W. 698; State v. Lyons, 144 Minn. 348, 175 N. W.

689. We cannot avoid the conclusion that the learned trial court erred in charging that Arthur was not an accomplice as a matter of law, and therefore there must be a new trial. No other assignment of error merits consideration. The instant case, like that of State v. Scott, 203 Minn. 56, 279 N. W. 832, raises a doubt concerning the wisdom of longer retaining in our statutes the said § 9903, concerning the testimony of an accomplice. But that is a matter for the legislature. As long as the statute is in force it is the duty of the courts to apply it.

The order denying defendant a new trial is reversed, and a new trial is granted.

[1]Reported in 280 N. W. 180.