# STATE v. GEORGIANN TENNYSON.[1]

March 6, 1942.

No. 32,984.

[1]Reported in 2 N. W. (2d) 833.

*McMeekin & Quinn,* for appellant.

*J. A. A. Burnquist,* Attorney General, *James F. Lynch,* County Attorney, and *William F. Desmond,* Assistant County Attorney, for the State.

PETERSON, JUSTICE.

Defendant was convicted of committing an abortion upon one Virginia Schuna, and appeals.

Virginia Schuna was about five and one-half or six months pregnant. A short time prior to March 15, 1941, she consulted her aunt, Mrs. Axtell, with a view to having an abortion. Mrs. Axtell discussed the matter with one Emma Redder, who informed her that she took care of girls upon whom abortions had been performed and that she knew a woman by the name of Ann, who would perform the abortion for $35. On March 15, 1941, Virginia's husband took her to Mrs. Redder's house for the purpose of having Mrs. Redder arrange for the abortion. Mrs. Redder and her husband took Virginia to defendant's home. After defendant ascertained her condition and the duration of her pregnancy, Mrs. Redder suggested that it might not be advisable to perform the abortion, but defendant said that she would do so upon payment of $35. Virginia had only $25 with her. The abortion was not performed that night. On March 21, 1941, Virginia's husband took her to defendant's house. Virginia paid defendant $35. Defendant then took her into a bedroom, placed her on a bed, injected a jelly-like substance into her uterus, and told her that she would have a miscarriage the next day. After defendant had made the necessary arrangement, Virginia went to Mrs. Redder's home, where she took some pills and quinine to help her abort, but without success. Defendant then went to the Redder home where she again injected some of the jelly-like substance into Virginia's uterus to produce an abortion, but this too proved un-

successful. Subsequently, Virginia gave birth to a child, premature but in all respects normal and healthy. Defendant returned $30 to Virginia because the abortion was not successful.

Such further statement of the facts as is necessary to understand the issue will be made in connection with the discussion of the points raised on the appeal.

1. The witnesses as to the facts constituting the crime were Virginia, her husband, Mr. and Mrs. Redder, and Mrs. Axtell. It is conceded, as the court below held, that all except Virginia were accomplices as a matter of law. The court below held as a matter of law that Virginia was not an accomplice. Defendant contends that this was error. If so, the conviction cannot stand, because the testimony of one accomplice cannot be corroborated by that of another. State v. Panetti, 203 Minn. 150, 280 N. W. 181; State v. Scott, 203 Minn. 56, 279 N. W. 832.

Whether the woman upon whom an abortion is performed or attempted is an accomplice of the perpetrator of the act depends on the construction of our statutes defining accomplices and the crime of abortion. Mason St. 1927, § 10175, provides:

"Every person who, with intent thereby to produce the miscarriage of a woman, unless the same is necessary to preserve her life, or that of the child with which she is pregnant, shall—

"1. Prescribe, supply, or administer to a woman, whether pregnant or not, or advise or cause her to take, any medicine, drug, or substance; or

"2. Shall use, or cause to be used, any instrument or other means—

"Shall be guilty of abortion, and punished by imprisonment in the state prison for not more than four years, or in a county jail for not more than one year."

*Id.* § 10176, reads:

"A pregnant woman who takes any medicine, drug, or substance, or uses or submits to the use of any instrument or other means, with intent thereby to produce her own miscarriage, unless the

same is necessary to preserve her life, or that of the child whereof she is pregnant, shall be punished by imprisonment in the state prison for not less than one nor more than four years."

*Id.* § 9917, so far as here material, provides that "every person who directly or indirectly * * * induces, or otherwise procures another to commit a crime, is a principal."

A woman upon whom an abortion is performed or attempted is not an accomplice in the commission of the offense. State v. Pearce, 56 Minn. 226, 57 N. W. 652, 1065; State v. Owens, 22 Minn. 238. Our rule is supported by the overwhelming weight of authority. Thompson v. United States, 30 App. D. C. 352, 12 Ann. Cas. 1004; Annotation, 12 Ann. Cas. 1009.

Defendant urges, however, that our decisions settling the rule as stated rest upon untenable grounds, in that they entirely ignore the statute defining accomplices and that, in virtue of the statute, the woman by her consent or inducement to the commission of the act is an accomplice.

In State v. Pearce, *supra,* we held that the woman upon whom an abortion is performed or attempted is not a perpetrator, but the victim of the offense, and we said (56 Minn. 230, 57 N. W. 652):

"As a first impression, it may seem to be an unsound rule that one who solicits the commission of an offense, and willingly submits to its being committed upon her own person, should not be deemed an accomplice, while those whom she has thus solicited should be deemed principal criminals in the transaction. But in cases of this kind the public welfare demands the application of this rule, and its exception from the general rule seems to be justified by the wisdom of experience."

It must be conceded that the reason given for our decision is not sound. The language of §§ 10175 and 9917 admits of no exceptions. It is for the legislature and not the court to create exceptions, if there are to be any. Where a statute is couched in broad and comprehensive language admitting of no exceptions, the court is not justified in engrafting thereon exceptions, how-

ever much it may deem the public welfare to require them. State v. Railway Exp. Agency, Inc. 210 Minn. 556, 299 N. W. 657.

Although the reason given for the rule in the Pearce case is indefensible, the rule itself is sound. The rule is based not on an alleged exception for which there is no basis, but on the true meaning of the statutes. Where the purpose is to suppress a practice or transaction which results from the acts of several participants, statutes may provide that the participants shall be guilty of separate crimes. Sections 10175 and 10176 make the offense of the abortionist distinct and separate from that of the woman; they prescribe a separate penalty for each and impliedly exclude each from the penalty for the other. In People v. Vedder, 98 N. Y. 630, 631, cited and followed in State ex rel. Thurston v. Sargent, 71 Minn. 28, 73 N. W. 626, in construing New York statutes similar to ours, the court said:

"In both statutes the act of the witness in submitting to the perpetration of the crime is made a distinct and separate offense, and is punishable by a different penalty, and impliedly excludes her from the penalties prescribed for those who produce her miscarriage by the use of drugs, medicines or instruments. The language of section 294 [which is substantially the same as our § 10175], fairly construed, implies that the person upon whom this operation is performed cannot be one of the persons guilty of the offense described. * * * The statute plainly contemplates two persons as co-operating in the commission of the crime, the one being the guilty person against whom the penalties of the statute are directed, and the other, the subject upon whose body the crime is committed."

. Where the acts of several participants are declared by statute to constitute separate and distinct crimes, the participants guilty of one crime are not accomplices of those who are guilty of a separate and distinct crime. We applied the rule in holding that the giver and taker of a bribe were not accomplices under statutes making the offense of each a separate and distinct crime. State v.

Durnam, 73 Minn. 150, 75 N. W. 1127; State ex rel. Thurston v. Sargent, 71 Minn. 28, 73 N. W. 626, *supra*. The plain reason is that an accomplice must participate or be concerned in the commission of the specific crime with which the defendant is charged. The test is whether or not the alleged accomplice could be indicted and punished for the crime with which the accused is charged. State v. Sweeney, 180 Minn. 450, 231 N. W. 225, 73 A. L. R. 380; State v. Smith, 144 Minn. 348, 175 N. W. 689; State v. Gesell, 137 Minn. 43, 162 N. W. 683.

The test for determining who are accomplices is the same in abortion as in other cases. Where, as here, the statutes provide that the person performing or attempting an abortion and the woman upon whom the abortion is performed or attempted shall be guilty of separate and distinct crimes, the woman is not an accomplice in the offense. Thompson v. United States, 30 App. D. C. 352, 12 Ann. Cas. 1004, *supra;* State v. Carey, 76 Conn. 342, 56 A. 632; People v. McGonegal, 136 N. Y. 62, 32 N. E. 616; People. v. Vedder, 98 N. Y. 630, *supra;* Wilson v. State, 36 Okl. Cr. 148, 252 P. 1106; State v. Cragun, 85 Utah, 149, 38 P. (2d) 1071, and numerous cases cited in the annotation in 12 Ann. Cas. 1009. There are some cases to the contrary, like State v. McCoy, 52 Ohio St. 157, 39 N. E. 316; Wells v. New England Mut. L. Ins. Co. 191 Pa. 207, 43 A. 126, 71 A. S. R. 763, 53 L. R. A. 327, and a few others, which we have examined and find to be opposed to sound reason and the weight of authority.

If the rule for which defendant contends were followed, the person committing the abortion and the woman submitting thereto would be guilty of two crimes in every case instead of one, in virtue of the statute defining accomplices. The woman would be guilty under § 10175 as a principal in the crime committed upon her own person, and the person committing the abortion would be guilty under § 10176 of the woman's crime of submitting thereto or attempting the crime on herself. If anything were needed to demonstrate that the contention is unsound, the mere statement of its inescapable effects is all that is necessary. A construction

is not permissible that an act clearly intended to constitute but one offense in fact constitutes two separate offenses.

As a matter of law, Virginia was not an accomplice of defendant, because she could not be indicted and punished for the crime with which defendant was charged. The ruling below to that effect was correct.

2. Next, it is contended that the conviction cannot stand because Virginia was not corroborated. In State v. Pearce, 56 Minn. 226, 57 N. W. 652, 1065, *supra,* decided in 1894, we held that it was necessary to corroborate the woman, upon the supposition that L. 1875, c. 49, which provided that no conviction could be had upon the uncorroborated evidence of the woman upon whom the abortion was performed, was then in full force and effect, and further that accomplices might corroborate the woman and the woman might corroborate accomplices. The case was correctly submitted below under that rule, and the verdict must be sustained.

The county attorney urges that c. 49 was repealed in 1885 by the penal code of 1885, and that the Pearce case, so far as it perpetuates the rule of the repealed statute, should be overruled. If the contention is valid, the rule of the Pearce case is not only erroneous in the respect stated, but also imposes an unjustifiable burden on the prosecution.

The provisions of c. 49 were carried forward as part of G. S. 1878, c. 94, § 17, but do not appear in any subsequent publication of the statutes. In 1885 the penal code of Minnesota was enacted. Section 541 thereof expressly repeals G. S. 1878, c. 94. G. S. 1891 (Kelly), c. 86, § 6545. Mason St. 1927, §§ 10175 and 10176, were adopted in their present form as §§ 251 and 252 respectively of the penal code. G. S. 1891 (Kelly), c. 86, §§ 6207, 6208. It is thus quite plain that c. 49 was repealed by the penal code of 1885, and that ever since its adoption it has not been necessary to corroborate the woman in abortion prosecutions. We ought to give full effect to the repeal. The court has no power to perpetuate a rule of law which the legislature has changed or

repealed. In re Trust Under Will of Holden, 207 Minn. 211, 291 N. W. 104. We now hold, as we should have held in the Pearce case, that the statute requiring the woman to be corroborated has been repealed and that such corroboration is not required. So far as the Pearce case holds otherwise it is overruled.

Other states have or have had similar statutes. State v. Crook, 16 Utah, 212, 51 P. 1091. In California, the statute of 1861 required such corroboration where the offense was charged against a physician and surgeon, People v. Josselyn, 39 Cal. 393; but that statute, like ours, has been repealed. Annotation, 66 Am. D. 87, 88. We see no reason why the legislature should not prescribe the rule which it deems wise in such cases.

3. One of the physicians called by the state was permitted to testify over defendant's objection that the administration of the jelly substance in question to produce an abortion was dangerous to the life of the woman. We cannot perceive that any possible prejudice could have resulted. It is impossible to believe that any juror of ordinary intelligence would not know, without being told so by a doctor, that an attempt to produce an abortion by the administration of any medicine or substance or the insertion of an instrument into the uterus would be dangerous.

4. The conversations between the parties who arranged for the abortion were received over defendant's objection. For example, the court admitted conversations between Virginia and her aunt, her aunt and Mrs. Redder, and between Virginia and Mrs. Redder for the purpose of arranging to have defendant perform the abortion. The parties named, except Virginia, were coconspirators. See State v. Dunn, 140 Minn. 308, 168 N. W. 2; 15 C. J. S., Conspiracy, § 92(c). What each of them said was in furtherance of the criminal purpose to have an abortion performed on Virginia. Everything said, written, or done by any conspirator in execution or furtherance of the common purpose of a conspiracy to commit a crime is deemed to be the act of every one of them and is admissible against each. State v. Zabrocki, 194 Minn. 346, 349, 260 N. W. 507; State v. Sweeney, 180 Minn. 450, 457, 231

N. W. 225, 73 A. L. R. 380, *supra;* State v. Dunn, 140 Minn. 308, 168 N. W. 2, *supra.* The fact that Virginia was not technically an accomplice makes no difference. Her aunt and Mrs. Redder were, and their conversations with her were acts in furtherance of the common purpose.

5. Although requested to do so, the court below refused to submit to the jury the question whether defendant was guilty of an attempt to commit abortion. While our statute has made what formerly in many cases constituted only an attempt the crime of abortion itself, it has not abolished attempts altogether. The statute makes the fact of miscarriage immaterial by providing that "every person who, with intent thereby to produce the miscarriage of a woman," prescribes or administers any drug or uses any instrument or other means, etc., is guilty of abortion. Mason St. 1927, § 10175; State v. Madden, 161 Minn. 132, 201 N. W. 297. A party may, however, be guilty of an attempt to commit any of the acts constituting the crime of abortion as defined by the statute. State v. Hecklin, 178 Minn. 69, 72, 225 N. W. 925. For example, an attempt to prescribe or administer a drug or other substance mentioned, or to use an instrument with intent to produce an abortion, would constitute an attempt to commit abortion.

Under Mason St. 1927, § 9916, the defendant may be convicted of the crime charged, a lesser degree thereof, or an attempt to commit the crime charged. Where on the trial of a crime the evidence would permit a finding that defendant is guilty of a lesser degree thereof or an attempt only, it is the duty of the trial court to submit to the jury the question of such lesser degree and attempt and permit them to find accordingly. If the evidence is unequivocal so as to permit only a finding of guilty or not guilty of the crime charged, the court should submit only those issues. In such a case the defendant is either guilty as charged or not guilty at all. State v. Nelson, 199 Minn. 86, 271 N. W. 114; State v. Bryant, 174 Minn. 565, 219 N. W. 877. This is such a case. Defendant was either guilty or not guilty of abortion. There was no basis in the evidence for finding her guilty of an

attempt only. Hence the court below properly refused to submit that issue.

Affirmed.