THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* PABLO PORTALATÍN CASTRO, Defendant and Appellant.

Nos. 10447 and 10448.  Argued May 3, 1944.—Decided May 16, 1944.

---

*Jorge Díaz Cruz* for appellant. *R. A. Gómez, Prosecuting Attorney (Fiscal)*, and *Luis Negrón Fernández, Assistant Prosecuting Attorney*, for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

The appellant was convicted of two violations of §3 of Act No. 25 of July 17, 1935 (Spec. Sess. Laws, p. 152), which offenses consisted of defendant devoting himself on two different dates to operating the prohibited game known as *"bolita"* or *"boli-pool."* Both cases were submitted to the lower court on the same evidence and they were likewise submitted to this court in one brief by each party. The defendant alleges that the evidence is insufficient, because of the three witnesses callsd by the prosecuting attorney, Francisca Rodríguez and Juan Torres were accomplices of the defendant, and as to Mr. Ulises Torres, the judge of the lower court expressly stated that he did not believe his testimony.

The facts stated in both complaints charged the defendant with having devoted himself, together with Gonzalo Almodóvar, to the operation of the clandestine game known as *"bolita"* or *"boli-pool"* which is the offense provided in §3 of the above-mentioned Act.

In the present case neither the defendant nor the codefendant, who were tried separately, was caught operating the game, nor was any appliance seized which could connect the defendant in any manner with the offense. The judgments were based exclusively on the testimony of Francisca Rodríguez and the latter's son, Juan Torres, who testified that the defendant gave them tickets to sell; that they

sold them and in turn delivered the money collected to the defendant and also a list which witness prepared of the numbers of the tickets which were not sold; that the witnesses received compensation for their work, consisting in the difference between the prices fixed by the defendant for each ticket sold and the price for which the witnesses sold them; that on a certain occasion the father of witness Torres bought a ticket which won a prize; and that the defendant refused to pay the prize, alleging that that ticket was not among those which had been sold. One of the witnesses testified that the owner of the business was Almodóvar, but the other testified that it was defendant Portalatín, because it was with the latter that he had had his dealings.

The evidence which we have just set forth does not support the conviction, for even if we accept it as true, the facts charged against the defendant do not constitute a violation of §3. What appears from said evidence is that defendant, as well as the two witnesses above-mentioned, violated §4 of the Act, inasmuch as they were engaged in the sale of *"boli-pool"* tickets.

It is evident that there exists a fatal variance between the facts alleged in both complaints and those proved at the trial. This variance is sufficient to acquit the defendant; but conceding that the facts charged in the complaints would have been really proved at the trial, we would still feel bound to reverse the judgments, inasmuch as the defendant and both witnesses are accomplices, and this being so, the testimony of one can not corroborate that of the other. *State* v. *Tennyson,* (Minn., 1942) 2 N W. (2d) 833, 139 A.L. R. 987, 989, and cases cited; *Cudjoe* v. *State,* 1916F L.R.A. 1251, 1253; *Burns* v. *State,* (Okla.) 117 P. (2d) 155; *People* v. *Creegan,* (Calif.) 53 P. 1082; *People* v. *O'Farrell,* (N. Y.) 67 N. E. 588; Underhill's Criminal Evidence, §158, p. 269.

The case of *People* v. *Cerecedo,* 21 P.R.R. 60, on which the judge of the lower court based his judgments, and that

of *People* v. *Cardona,* 57 P.R.R. 682, invoked by the *Fiscal* of this court, are not applicable. The former is inapposite because the holding therein was to the effect that the buyer of a lottery ticket did not commit an offense. And neither is the *Cardona* case because what was held there was that the buying of a *"boli-pool"* ticket did not constitute an offense. It is obvious therefore that in the cases of Cerecedo and of Cardona the buyers could not have been accomplices, for they had committed no offense. In the instant case, however, the two witnesses in question were not mere buyers of *"boli-pool"* tickets, but they were agents devoted to their sale in violation of §4 of said Act.

For the reasons stated the judgments appealed from must be reversed.