## HONEA v. STATE.

### Opinion delivered March 12, 1928.

1. GAMING—EVIDENCE.—In a prosecution for gaming by playing poker, the sheriff's testimony as to the similarity as to arrangement and equipment in the boat where the raid took place and other poker games which he had raided, *held* admissible.

2. CRIMINAL LAW—REPETITION OF INSTRUCTIONS.—Refusal of the court to give requested instructions was not error, where the instructions were fully covered by the instruction given.

3. CRIMINAL LAW—ABSTRACT INSTRUCTIONS.—A requested instruction to disregard whatever knowledge the jury had, or whatever proof had been introduced concerning defendants' character, was properly refused where there was no testimony in the record concerning their bad character.

Appeal from Crawford Circuit Court; *J. O. Kincannon,* Judge; affirmed.

*C. M. Wofford,* for appellant.

*H. W. Applegate,* Attorney General, and *Darden Moose,* Assistant, for appellee.

HUMPHREYS, J. Appellants were arrested for gaming, upon information of the prosecuting attorney, filed before a justice of the peace in Crawford County. The information charged them with unlawfully and willfully

betting the sum of one dollar in a certain game of hazard and skill with cards, and commonly called poker. They were fined $10 each, and appealed to the circuit court, where, upon a trial *de novo,* they were again convicted, and fined $10 each, from which is this appeal.

Their first assignment of error for a reversal of the judgment is that the evidence was insufficient to sustain the verdict and judgment. The sheriff and one of his deputies had observed a number of boys frequenting a houseboat on the river, to the right of a little island in said county. He and one of his deputies entered the boat to ascertain the cause. As they entered, Albert Honea saw the sheriff, snapped his fingers at the other boys, and said two or three times, "Let's go to town." The boys were shuffling around, and one of them threw a deck of cards into the river. Others were putting money into their pockets. The sheriff found two or three unopened decks of cards on a shelf in the boat. Albert Honea asked the sheriff who had tipped them off.

Over the objection and exception of appellant, the prosecuting attorney was permitted to ask the sheriff whether the arrangement and equipment in the boat were the same he had found when he had raided other poker games. The sheriff answered that they were identical. The admission of this testimony is urged as a ground for reversal of the judgment. We think the testimony of the sheriff was admissible as to the similarity of the paraphernalia in the boat to that he had discovered when he raided other poker games.

This testimony, together with the circumstances detailed above, was substantial evidence tending to show that appellants were guilty of playing poker, contrary to the statute inhibiting same.

Appellant also assigns as reversible error the refusal of the court to give instructions numbered 1, 2 and 3 requested by him. Instructions 1 and 2 are fully covered by the court in instruction No. 5. There was no testimony introduced concerning the bad character of

appellants, so requested instruction No. 3, telling the jury to disregard whatever knowledge they had or whatever proof had been introduced relative to the character of appellants, had no place in the case, and was properly refused.

No error appearing, the judgment is affirmed.