EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* RAMONA MORALES, acusada y apelante.

Núm. 6345.—*Sometido:* Marzo 12, 1937. *Resuelto:* Marzo 31, 1937.

*E. H. F. Dottin,* abogado de la apelante; *R. A. Gómez, Fiscal y Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

Ramona Morales fué convicta por la Corte de Distrito de San Juan de un delito de infracción a la Ley núm. 25, aprobada el 17 de julio de 1935 (Leyes de 1935 (2) pág. 153), y

condenada a pagar una multa de cien dólares y costas, o en su defecto a sufrir un día de cárcel por cada dólar que dejare de pagar, no excediendo la prisión de sesenta días. El recurso de apelación contra esta sentencia es el que ahora consideramos.

La denuncia presentada, textualmente transcrita, lee así:

"Yo, Juan José Silén, Jefe de Dtto. P. I., vecino de Trujillo Alto, P. R., calle de La Cruz, de T. Alto, P. R., mayor de edad, formulo denuncia contra Ramona Morales, por delito de Inf. la Ley núm. 25, aprobada en 17 de julio de 1935, 'Bolita,' cometido de la manera siguiente: Que en 2 de agosto, hora 6.00 P. M. de 1935, y en el barrio de Quebrada Infierno, de Trujillo Alto, P. R., del Distrito Judicial Municipal de Carolina, P. R., que forma parte del Distrito Judicial de San Juan, P. R., la citada acusada Ramona Morales allí y entonces de una manera ilegal, voluntaria y maliciosamente tenía bajo su control en su casa de residencia sita en el barrio de 'Quebrada Infierno,' de Trujillo Alto, P. R., como dueña y administradora de los artefactos siguientes: tres candungos, treinta bolos enumerados del 1 al diez, dentro de un estuche de madera, un sello de numerar, otro sello para usos varios con su tinta, sesenticinco libretas varias de ellas con números varios, varios tickets enumerados algunos y varios pliegos de papel carbón para uso de las libretas, cuyos artefactos y objetos descriptos los tenía para manipular el juego prohibido conocido por 'Bolita,' y que dicho juego era conocido por los jugadores con el nombre 'La Estrella,' que es un juego de los enumerados y prohibidos en la Ley núm. 25, aprobada en 17 de julio de 1935, y cuyo juego lo lleva a efecto mediante el uso de los bolos dentro de los candungos y cada jugador paga por un número compuesto de tres unidos formando centena, un centavo y por cada centavo la acusada le ofrece pagar si el jugador adivina el número por él seleccionado cinco dollars y si no tiene la suerte de adivinarlo corre la aventura de perder el centavo o el dinero jugado y pagado por anticipado y comoquiera que este juego está prohibido por la Ley antes citada y la acusada era la administradora y dueña del juego conocido por 'Bolita,' y a la vez dueña de los artefactos antes citados, mediante orden de allanamiento expedida por el Hon. Juez de Paz, de Trujillo Alto, P. R., me incauté de los artefactos antes mencionados encontrados en la residencia de la acusada Sra. Ramona Morales, porque los mismos forman parte y son utilizados por ella en el juego clandestino denominado 'Bolita,' siendo los mismos que pongo a dis-

posición de esta Hon. Corte como materia de prueba. Hecho contrario a la ley.''

El único error señalado se refiere a la apreciación de la prueba, que consistió, por El Pueblo, en las declaraciones de Juan José Silén, Jefe de Distrito de la Policía Insular, y de tres policías a sus órdenes; y por la acusada, de su propia declaración, de la de Basilisa Rodríguez, su hija, más un certificado acreditativo del matrimonio de la acusada con Luis Conde Maldonado.

Declaró el primero, que el día 2 de agosto de 1935 practicó un registro en la casa de Ramona Morales, mediante orden al efecto, encontrando en la habitación de la acusada ''y debajo de la cama de ella, en una esquina, dentro de una lata de ésas que se usan para galletas 'export soda' . . . sesenta y pico de libretas para el juego de la bolita; . . . dos sellos, uno con números y otro que decía 'La Estrella,' . . . que era el nombre que le daban a la banca . . . y en un virote de la casa . . . una caja conteniendo 30 bolos numerados desde el 1 al 10 . . . y tres candungos.'' Preguntado por el juez qué relación tenía la acusada con esos objetos, contestó ''que es la dueña de la banca'' y que ''precisamente aquella tarde al ocuparle nosotros los artefactos ésos, dice ella: 'Me llevan ustedes precisamente lo que me ha dado estos muebles y el arreglar esta casa.' '' Declaró además el testigo que ''Esa banca se jugaba en el barrio Las Cuevas,'' habiéndola él perseguido hasta allí, en casa de Germán Hernández, quien parecía ser socio de la acusada; que la acusada le preguntó por qué no se la habían cogido a Hernández y que él le contestó que porque no habían tenido oportunidad; que tuvieron conocimiento de que la acusada ''se había llevado para la casa de ella la banca y entonces tan pronto llegamos a la convicción de que ella la poseía, juré yo un allanamiento y fuí a ocupar la banca.''

A preguntas de la defensa contestó que el día que estuvo en la casa de la acusada, encontró también a su esposo, a su madre y a su hija; que en ese momento no estaba nadie ma-

nipulando los objetos referidos; que no cogió dinero y que sabía que la acusada estaba casada y que tenía un hijo como de 18 años, más o menos.

Consta del récord que el fiscal y el abogado defensor estipularon que los tres policías que intervinieron en el allanamiento y registro de la casa declararían en la misma forma en que lo había hecho el Jefe Silén.

Sostiene la apelante que la ley que se le imputa haber infringido no castiga la posesión de los objetos que le fueron ocupados, y que como la prueba de cargo sólo demostró dicha posesión y no que los objetos ocupados se estuvieran utilizando en el juego, la acusada debió haber sido absuelta.

No estamos convencidos de que la corte inferior errara en la apreciación de la prueba. La sección 2 de la Ley núm. 25 de 1935 ordena a la Policía Insular ocupar y poner a disposición de la corte municipal correspondiente cualesquiera artefactos, materiales, enseres o implementos *que se estén utilizando* para llevar a efecto juegos prohibidos conocidos por "bolita" y "boli-pool," y arrestar y denunciar a las personas que violen dicha Ley. Y la sección 4 de la misma ley dispone:

"... y todo dueño, apoderado, agente, encargado, director o administrador de los juegos prohibidos por esta Ley, convicto que fuere, podrá ser castigado a pagar una multa no menor de cien (100) dólares ni mayor de doscientos (200) dólares" etc.

La prueba demuestra que la Policía, habiendo tenido conocimiento de que en el barrio Las Cuevas se estaba llevando a efecto un juego de "bolita," bajo la denominación de "La Estrella," procedió a practicar un registro en la casa de la persona de quien tenían sospechas y a quien creían ser dueña o encargada o administradora de dicho juego. Los efectos encontrados debajo de la cama de la acusada eran evidentemente de la clase de los que se usan corrientemente para dicho juego. No era necesario que dichos efectos se estuvieran usando en el preciso momento en que fueron ocupados por la policía.

La posesión de los objetos por la acusada, su negación de que en su casa hubiere tales objetos y su admisión al ser éstos encontrados debajo de su cama, de que se le privaba de aquello que le había dado para arreglar su casa y comprar muebles, fueron elementos de prueba suficientes para llevar al ánimo del juzgador la convicción de que los efectos encontrados se estaban utilizando por la acusada en la explotación del juego de "bolita." No se ha alegado que la corte sentenciadora haya actuado movida por pasión, prejuicio o parcialidad, y es por tanto nuestro deber respetar su fallo.

*Se confirma la sentencia apelada.*

El Juez Asociado Señor Wolf disintió.*