EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* LUZ MARÍA R. DE VIDAL y NIEVES BARBOSA PALACIOS, acusadas y apelantes.

Núm. 7582.—*Sometido:* Mayo 17, 1939. *Resuelto:* Julio 5, 1939.

*José I. Fernández Segarra,* abogado de las apelantes; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Luz María Rosario de Vidal y Nieves Barbosa Palacios, en unión de Alberto Vidal, que no es parte en este recurso, fueron denunciados por infracción a la sección 4 de la Ley número 25 de julio 17 de 1935 (Leyes de ese año, Sesión Extraordinaria, pág. 153), consistente en que el 10 de enero de 1938, los acusados, en su residencia de la Calle Virtud número 35, en la Playa de Ponce, "criminalmente, como dueños, encargados, directores o administradores y a sabiendas de que se están utilizando para los juegos ilegales ya mencionados (bolita y *boli-pool*), administraban y manipulaban un juego de los generalmente conocidos como bolita o combinación clandestina, que es un juego de lotería clandestina en Puerto Rico y para el reparto de premios en dinero me-

diante la venta de billetes o participaciones . . .'' Sigue entonces una breve descripción del juego y una relación de los efectos ocupados a los acusados, consistentes en billetes de los utilizados en el juego, lista de los números vendidos y nombres de los compradores y efectos de oficina utilizados en relación con el juego.

Celebrado un juicio *de novo,* la corte inferior declaró a las apelantes culpables de una infracción a la sección 4 de la Ley número 25 de 17 de julio de 1935 y condenó a cada una de ellas a pagar $100 de multa o en su defecto a sufrir un día de cárcel por cada dólar que dejaran de pagar, no excediendo la prisión de noventa días, y las costas.

Tres son los errores que las apelantes imputan a la corte sentenciadora, a saber:

''1. Que la sentencia dictada en este caso por la Hon. Corte de Distrito de Ponce es contraria a las pruebas y a la ley.

''2. Que la Corte de Distrito de Ponce cometió manifiesto error al admitir como admitió en evidencia la prueba documental ofrecida por el Pueblo.

''3. Que la Corte de Distrito de Ponce cometió error grave y perjudicial para las acusadas actuando con pasión, prejuicio y parcialidad en la apreciación y peso de la prueba presentada por el Pueblo.''

██ Cumplimentando una orden de allanamiento expedida por uno de los jueces municipales de Ponce, la detective allanó la casa de las acusadas. Conforme aparece del testimonio del detective Oscar Correa, que declaró en primer término llamado por el Fiscal, al penetrar en la casa encontraron a la acusada Luz María Rosario de Vidal sentada junto a una mesa tomando notas, y la otra acusada, Nieves Barbosa Palacios, y una joven cuyo nombre no aparece del récord cotejaban billetes de *boli-pool* o bolita. Que inmediatamente después ocuparon un gran número de billetes que excede de trece mil, una caja de *clips,* un lápiz con las iniciales A. V. G., una almohadilla y un sello de goma que dice ''aceptado'', treinta listas y varias hojas de papel en blanco.

236

El testigo explica en qué consiste el juego y el uso que se da a los efectos ocupados que acabamos de mencionar. Declaró además este testigo que al verlos, la acusada Luz María Rosario de Vidal, dijo: "Ya nos cogieron."

El segundo y último testigo del Fiscal lo fué Juan R. Colón, Jefe de la detective en Ponce, quien corroboró la declaración de su compañero, con excepción de la manifestación que dijo Correa haber oído de la Sra. Vidal, que no fué oída por Colón porque al entrar ellos la joven cuyo nombre no aparece del récord se dió a la fuga y este testigo salió en su persecución.

No se presentó prueba de descargo después de desestimarse la moción que presentó la defensa atacando la suficiencia de la prueba, quedando sometido el caso por la del Fiscal.

Pone gran énfasis la defensa en el hecho de que no se probó qué hacían las acusadas con los distintos implementos anteriormente mencionados, en el momento de entrar la policía, y da también gran importancia al hecho de que el detective Correa declaró que conocía las reglas del juego de *boli-pool* por haber encargado a otras personas que le compraran *tickets* de dicho juego y que ellos se las informaron. Pero declaró también dicho testigo que dos años antes había jugado el mismo juego y conocía los billetes que se utilizaban entonces, pero que a los que ahora se usan les han hecho ciertas modificaciones. Se sostiene por la defensa que el testimonio de este testigo es de referencia en lo que respecta a la forma en que se verifica el juego y que por consiguiente debió eliminarse esa parte de su declaración y una vez eliminada procedía la absolución de las acusadas por insuficiencia de la prueba.

En cuanto a la primera contención, o sea la que se refiere al uso que daban las acusadas a los distintos implementos en el momento de sorprenderlas la policía, el caso de *Pueblo* v. *Morales,* 51 D.P.R. 204, la contesta terminantemente. Allí los implementos usados en el juego fueron ocupados debajo

de la cama de la acusada. Resolviendo la misma objeción que ahora hacen las acusadas, se dijo entonces por este tribunal:

"Los efectos encontrados debajo de la cama de la acusada eran evidentemente de la clase de los que se usan corrientemente para dicho juego. *No era necesario que dichos efectos se estuvieran usando en el preciso momento en que fueron ocupados por la policía.*

"La posesión de los objetos por la acusada, su negación de que en su casa hubiera tales objetos y su admisión al ser éstos encontrados debajo de la cama, de que se le privaba de aquello que le había dado para arreglar su casa y comprar muebles, fueron elementos de prueba suficientes para llevar al ánimo del juzgador la convicción de que los efectos encontrados se estaban utilizando por la acusada en la explotación del juego de bolita."

En el caso de autos, como hemos visto, los implementos del juego se hallaban, por lo menos en parte, sobre una mesa junto a la cual se encontraban las acusadas, una de las cuales tomaba notas y las otras cotejaban los paquete de billetes. Como en el caso de *Pueblo* v. *Morales,* supra, una de las acucadas hizo la manifestación antes mencionada, que equivale, dentro de las circunstancias, a una declaración de culpabilidad.

██ Las reglas de un juego constituyen materia de conocimiento especial y cualquier testigo que lo conozca puede declarar sobre la manera de jugarlo. A nuestro juicio no es indispensable que una persona haya participado en un juego para que pueda explicar las reglas a que está sujeto, máxime cuando se trata de juegos como el de autos que tan conocido es en esta Isla. Además el testigo Correa, como dijimos anteriormente, declaró que dos años antes del día de autos había jugado el juego de bolita, aunque se enteró más tarde por otras personas de las modificaciones que posteriormente había sufrido. A nuestro juicio esta circunstancia podría afectar el peso de la prueba pero no su competencia y admisibilidad.

En el caso de *Honea et al.* v. *State,* (Ark. 1928) 3 S. W. (2d) 679, los apelantes fueron acusados de ilegal y volunta-

riamente apostar la cantidad de $1 en cierto juego de azar y habilidad con cartas, comúnmente denominado *poker*. Fueron sentenciados por el juez de paz a pagar $10 de multa. Apelaron para ante la Corte de Circuito y después de un juicio *de novo* fueron también sentenciados a pagar igual multa. En la apelación que establecieron para ante la Corte Suprema de Arkansas alegaron que la evidencia era insuficiente para sostener el veredicto y la sentencia.

De la evidencia resultaba que el *sheriff* y uno de sus auxiliares habían observado que ciertos muchachos frecuentaban una casa de botes a la orilla de un río. Acompañado de uno de sus auxiliares entró al bote para cerciorarse de lo que hacían los muchachos. Al entrar el *sheriff* lo vió Honea y avisó a los muchachos, uno de los cuales tiró una baraja al río y otros se guardaban el dinero en el bolsillo. El *sheriff* encontró dos o tres barajas en una gaveta del bote. Contra la oposición de la defensa se permitió al Fiscal preguntar al *sheriff* si la forma en que encontró dispuestas las cosas en el bote era igual a la que había encontrado al sorprender otros juegos de *poker*. El *sheriff* contestó que eran idénticas. Se alegó por la defensa que el permitir tal pregunta y contestación constituía error que producía la revocación de la sentencia. Al confirmarla, manifestó el tribunal:

"Este testimonio, unido a las circunstancias anteriormente expuestas, constituía evidencia substancial tendente a demostrar que los apelantes eran culpables de jugar *poker* en violación de la ley."

Hemos estudiado el récord y no encontramos la más ligera evidencia que justifique la imputación que se hace al juez de la corte inferior al efecto de que al apreciar la prueba en este caso lo hizo movido por pasión, prejuicio o parcialidad.

Por el contrario, opinamos que el juez sentenciador apreció correctamente la prueba, y no habiendo cometido error alguno en la aplicación de la ley, *procede desestimar el recurso y confirmar la sentencia apelada.*

El Juez Asociado Sr. Travieso no intervino.