EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* GREGORIO SALABARRÍA SÁNCHEZ, acusado y apelante.

Núm. 8187.—*Sometido:* Junio 19, 1940. *Resuelto:* Junio 21, 1940.

*Adolfo García Veve*, abogado del apelante; *R. A. Gómez, Fiscal,* y
*Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo,
apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del
tribunal.

Gregorio Salabarría Sánchez fué convicto de infracción
a la Ley núm. 25 de 17 de julio de 1935 (Leyes de ese año,
sesión extraordinaria, pág. 153), generalmente conocida por
la "Ley de la Bolita", consistiendo el delito, según la denuncia, en que "en 8 de septiembre . . . de 1939 . . . el referido acusado . . . allí y entonces, de manera ilegal, voluntaria, maliciosa y criminalmente, violó las disposiciones de
las secciones 3ª. y 4ª. de la ley antes mencionada, consistente
en que en una habitación de su casa residencia . . . estableció una oficina que dedicó al juego ilegal de Bolita y *Boli-
pool*, actuando como agente y administrador de la banca de
tal juego denominada 'La Esperanza', recibiendo allí el
dinero de los números de Bolita y *Boli-pool* que otras personas vendían al público, y entre 4 y 5 de la tarde de cada
día, con tres candungos de los que tenían allí y con diez
bolos en cada uno de estos tres, sacaban un bolo de cada
candungo . . . Mediante orden de allanamiento se ocupó, en
registro efectuado en dicha habitación, los siguientes enseres
e implementos: una maleta negra conteniendo siete candungos de cuero, una cajita de madera conteniendo treinta
bolos numerados, una caja con sobrecitos, cuatro paquetes
*tickets* en blanco con el nombre "La Esperanza", impreso,
108 libretas del *boli-pool* La Esperanza, tres timbradores
de fechas uno de éstos con el nombre "La Esperanza", una
almohadilla con tinta roja, varias listas de número de bolita
y varios enseres más . . ."

La única prueba que se presentó en este caso consistió
en la declaración del policía Luis Ortiz y en los implementos

del juego que se detallan en la denuncia. El acusado alega que la prueba es insuficiente para sostener la sentencia apelada. Procedamos a analizar la prueba presentada.

Declaró el testigo Luis Ortiz que el 8 de septiembre de 1939 y a virtud de orden de allanamiento penetró en la habitación que ocupaba el acusado en una casa de vecindad en el pueblo de Juncos y que debajo de una cama encontró una maleta cerrada con una cadena y un candado, en la que, al abrirla, encontró los efectos que se relacionan anteriormente. Se infiere de su testimonio que en el momento de penetrar en la habitación no estaba allí el acusado, quien llegó más tarde cuando ya la policía estaba examinando el contenido de la maleta, recibiendo entonces el acusado una copia de la orden de allanamiento con la relación de los objetos ocupados. El resto de la declaración va dirigido a ilustrar cómo se lleva a efecto el juego de "la bolita."

¿Es suficiente esta evidencia para sostener la sentencia en este caso dictada?

A nuestro juicio no lo es. El mero hecho de que se ocupen en la residencia del acusado objetos que se usan generalmente para llevar a efecto el juego de "la bolita" es insuficiente en ausencia de otra prueba tendente a demostrar que dichos objetos se están utilizando o que la habitación o residencia es dedicada a llevar a cabo en ella el referido juego.

La sección 3 de la ley que se alega fué infringida, en lo pertinente dice:

"Cuando la Policía Insular de Puerto Rico, previa orden de allanamiento...sorprendiera a una o varias personas en cualquier habitación, casa, edificio, estructura o sitio de cualquier clase, que *se esté dedicando a la manipulación de los juegos conocidos por 'bolita', 'boli-pool',*...deberá, después de incautarse de todos los implementos, monedas, artefactos...dar traslado del asunto a la Corte Municipal correspondiente y al Fiscal del Distrito, para que se proceda contra dicha persona o personas de conformidad con las disposiciones de la ley. Si hubiere un fallo condenatorio contra tal persona o personas, y *tal habitación, casa, edificio, estructura o sitio*

*de cualquier clase, continuara dedicándose a la manipulación de los juegos anteriormente reseñados,* deberá darse cuenta al fiscal del distrito, quien deberá instar un procedimiento ante la corte de distrito competente para la clausura... *todo ello sin perjuicio de la sanción penal por dedicarse a la manipulación de los juegos prohibidos por esta Ley."*

La letra clara de la ley no deja dudas de que la mera ocupación de los implementos en una casa, habitación, etc., no es suficiente para sostener una sentencia por infracción a dicha ley. Para que la tenencia de tales artefactos en una habitación, casa, etc., constituya delito, es indispensable el concurso de otra evidencia tendente a probar que dicha habitación, edificio, estructura, etc., se dedique a la manipulación de los juegos a que dicha ley se refiere. Claro es que la ley no exige que en el momento de diligenciar la orden de allanamiento se estén manipulando dichos juegos, siendo suficiente que se demuestre que dicha habitación, sitio, etc., se dedique (*devote,* como dice la edición inglesa) a dicha manipulación. En el caso de autos ninguna evidencia se presentó a ese efecto.

Los casos del *Pueblo* v. *Morales,* 51 D.P.R. 204, y *Pueblo* v. *Rosario,* 55 D.P.R. 233, invocados por el fiscal, no son de aplicación al de autos. En el primero hubo prueba tendente a demostrar que la acusada, al llegar la policía, negó que tuviera tales objetos en su casa, y que al ser encontrados debajo de su cama, manifestó que "se le privaba de aquello que le había dado para arreglar su casa y comprar muebles," elementos éstos que la corte estimó suficientes para llevar al ánimo del juzgador la convicción de que los efectos encontrados se estaban usando por la acusada en la explotación del juego de "la bolita." En el segundo se dijo lo siguiente:

"En el caso de autos, como hemos visto, los implementos del juego se hallaban, por lo menos en parte, sobre una mesa junto a la cual se encontraban las acusadas, una de las cuales tomaba notas y las otras cotejaban los paquetes de billetes. Como en el caso de

*Pueblo* v. *Morales,* supra, una de las acusadas hizo la manifestación antes mencionada, que equivale, dentro de las circunstancias, a una declaración de culpabilidad.''

En el caso de autos la prueba quedó limitada exclusivamente a la ocupación de los implementos debajo de una cama en la habitación en que residía el acusado.

La sección 4 de la ley, que también se alega infringida, no tiene aplicación a los hechos de este caso. Dicha sección se refiere a la portación o conducción por cualquier persona de cualquier papeleta, billete, etc., así como también a que el acusado sea ''dueño, apoderado, agente, encargado, director o administrador de los juegos prohibidos por esta Ley,'' de lo cual no existe prueba alguna en este caso, aunque en la denuncia se alegue que el acusado actuaba como agente y administrador, etc.

*No habiéndose probado la infracción motivo de la denuncia, procede declarar con lugar el recurso, revocar la sentencia apelada y absolver libremente al acusado.*