EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* BALDOMERO CARDONA, acusado y apelante.

Núm. 8229.—*Sometido:* Noviembre 26, 1940.  *Resuelto:* Diciembre 6, 1940.

*Gelpí & Gelpí,* abogados del apelante; *Hon. Procurador General George A. Malcolm, R. A. Gómez, Fiscal del Tribunal Supremo,* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

El acusado apelante fué convicto y condenado a pagar una multa de $150 ó a la prisión subsidiaria, por infracción de la Ley núm. 25 de 17 de julio de 1935, ((2) pág. 153), consistente en que "de una manera ilegal, criminal, voluntaria y maliciosamente tenía establecida como dueño una banca de *bolipool* y se dedicaba a la manipulación de dicha banca de *bolipool,* conocida con el nombre de "La Favorita," que es una combinación clandestina, mediante la distribución y venta de *tickets,* por medio de agentes, relacionada con la Lotería Nacional de Santo Domingo, que es una lotería clandestina en Puerto Rico."

Examinaremos los ocho señalamientos de error en que se basa este recurso, siguiendo el mismo orden de exposición del alegato del apelante.

1. Que la corte inferior erró al declarar sin lugar la excepción perentoria.

El fundamento de dicha excepción es que en la denuncia no se alega que el acusado tuviese conocimiento de que los tickets e implementos que le fueron ocupados, se usaban, "a sabiendas," para el juego prohibido de *bolipool.*

La corte inferior procedió correctamente al desestimar dicha excepción. La sección 4 de la Ley núm. 25, supra,

castiga a "toda persona que fuere sorprendida portando o conduciendo cualquier papeleta, billete, ticket, libreta, lista de números o implementos, *a sabiendas* de que se utilizan o están utilizando para los juegos ilegales de la 'bolita,' '*boli-pool*,' combinaciones clandestinas relacionadas con los 'pools' de los hipódromos de Puerto Rico, y loterías clandestinas; a toda persona que vendiere éstos o cualesquiera otros análogos que se probare representar algún billete, suerte, acción o interés en dichos juegos ilícitos o conectados con la práctica de los mismos; y a todo dueño, apoderado, agente, encargado, director o administrador de los juegos prohibidos por esta Ley.'' La sección 5 de la misma ley castiga a ''todo dueño de imprenta o taller de fotograbar que *a sabiendas* permitiere o consintiere que se impriman o graben en sus establecimientos billetes, tickets, papeletas o cualquiera otro material para ser utilizado y distribuído en la manipulación de los juegos ilegales conocidos generalmente como 'bolita' y '*boli-pool*.' '' Como se ve, la alegación de que el hecho se realizó ''a sabiendas'' es necesario cuando se trata de la portación o conducción o de la impresión de los billetes, mas no lo es cuando la acusación va dirigida contra el que manipula el juego prohibido, como dueño, o contra la persona que vende los billetes. Y es natural y lógico que así sea, pues es posible que una persona lleve o conduzca billetes o tickets o los imprima sin saber que han de utilizarse para violar la ley. Pero no es posible presumir que una persona que vende billetes de *bolipool* o que manipula dicho juego como dueño, agente o apoderado lo hace sin saber que está violando la ley. Si se exigiese al fiscal alegar y probar que el que vendió un ticket de *bolipool* o manipuló dicho juego como dueño lo hizo ''a sabiendas,'' ello equivaldría a admitir que la ignorancia de la ley es una buena excusa de su incumplimiento.

2, 3 y 4. Que la corte erró al prohibirle al testigo Jusino que contestara una pregunta de la defensa con relación a su complicidad en el delito imputado al apelante; al no resolver que dicho testigo

Jusino, único que declaró contra el apelante, era un cómplice o co-autor; y al declarar convicto al acusado por la sola declaración, no corroborada, de un cómplice.

El testigo Jusino declaró que vió al muchacho Pascual Feliciano cuando le vendió un ticket a Octavio Méndez Olivencia; que dicho ticket resultó premiado; que el banquero Baldomero Cardona, el acusado, se negó a pagar el premio; que sabe que Cardona es el banquero porque él tenía una banca que se llamaba "La Favorita"; que el número que le muestra el fiscal es el mismo que vendió el muchacho; que sabe que Baldomero Cardona era el dueño de la banca "La Favorita" porque él repartía esos tickets y vivía cerca de su casa y que le vió pagar tickets de *bolipool;* que él le compraba tickets al acusado y le compró muchas veces.

En la repregunta el testigo reafirmó y amplió lo declarado en el examen directo, declarando que varias veces vió al acusado repartiendo libretas a Pascual Feliciano, para la venta de tickets; que él compró tickets a Feliciano y al acusado personalmente, de la misma libreta de donde se sacó el ticket vendido a Octavio Méndez Olivencia. El incidente que ha motivado los señalamientos que estamos considerando ocurrió así:

"P. ¿Ud. vendía de esos tickets también?...

"Hon. Fiscal: No conteste la pregunta, testigo. Yo me opongo porque eso incrimina al testigo.

"Lic. Gelpí: Entonces yo voy a solicitar que se elimine todo lo declarado por el testigo porque él dice que compraba tickets de *bolipool* y eso también lo incriminaría.

"Hon. Juez: El que compra tickets de *bolipool* no infringe la ley.

"Lic. Gelpí: Entonces anotamos excepción por entender lo siguiente: Que la pregunta hecha al testigo es pertinente toda vez que tiende a averiguar todo lo relacionado con la transacción en cuanto a la banca de *bolipool* que se alega pertenece al acusado y porque además, el derecho a no ser incriminado es un derecho del que está en la silla testifical, el cual derecho por violación de dicho derecho debe alegarlo al tribunal para que pueda resolver en cuanto

a dicho derecho, sin que sea atributo del juez de la corte o del fiscal el no permitir una pregunta porque de la contestación dada a la misma por el testigo pueda éste incriminarse.

"Hon. Fiscal: Sr. Juez, es el testigo del fiscal y por tanto, el fiscal tiene que velar por que no sea incriminado."

Como se ve por lo que acabamos de transcribir, el abogado defensor no dió una oportunidad a la corte inferior para resolver si el testigo debía o no contestar la pregunta objetada por el fiscal. Sin esperar y sin solicitar una decisión sobre la cuestión planteada por la oposición del fiscal, procedió el defensor a solicitar la eliminación de lo ya declarado por el testigo, por entender que éste se incriminaba al declarar que él había comprado tickets para el juego prohibido de *bolipool*. La resolución excepcionada por el apelante es correcta. La ley no castiga al comprador y sí al vendedor de un ticket de *bolipool*. Por consiguiente, la admisión del hecho de haber comprado un ticket de la banca "La Favorita," no convirtió al testigo Jusino en cómplice o coautor del delito imputado al apelante. El récord no sostiene la alegación de que el juez prohibió al testigo que contestase la pregunta incriminatoria que le formuló la defensa.

5 y 6. Que la corte inferior erró al no permitir a la defensa contrainterrogar al testigo Jusino y al prohibirle que interrogara a dicho testigo en relación con su conocimiento de los hechos del caso.

Examinemos el incidente a que se refieren estos señalamientos. Al insistir el abogado defensor en hacer al testigo una pregunta que ya había sido hecha y contestada en dos ocasiones anteriores, tuvo lugar el siguiente diálogo:

"Juez:

"La corte entiende que yá el testigo ha contestado eso varias veces. Él dice que porque ha visto al banquero repartiendo tickets y ·pagando y demás.

"Lic. Gelpí:

"Y la prueba es de referencia, Sr. Juez.

"Juez:

"La corte cree que estamos perdiendo un tiempo innecesario (*sic*). La corte no admite que se le hagan más preguntas a este testigo.

"Lic. Gelpí:

"Entonces yo voy a objetar que el Hon. Juez de la corte no me permita seguir preguntando.

"Juez:

"Puede ·seguir preguntando, aunque el abogado está un poco irrespetuoso.

"Lic. Gelpí:

"Ante esta situación no tenemos nada que preguntar al testigo y sometemos el caso."

El juez que preside·un juicio tiene autoridad y discreción para conducir los procedimientos, cuyo único objeto es el esclarecimiento de la verdad. No tiene derecho el abogado defensor a prolongar indefinidamente el examen directo o la repregunta de un testigo, interrogando a éste sobre cuestiones que ya han sido contestadas por el testigo en forma clara y categórica. En el presente caso, el testigo Jusino declaró repetidas veces que él sabía que Baldomero Cardona era el dueño de la banca de *bolipool,* porque en varias ·ocasiones le vió repartiendo tickets y pagando los que resultaban premiados. Fué cuando el defensor insistió en hacer la misma pregunta que el juez le hizo la advertencia que se señala como error. No hubo tal error. El juez informó al abogado defensor que podía seguir examinando al testigo. El defensor no puede ahora quejarse de su propia determinación de no continuar el interrogatorio.

■ Los dos últimos señalamientos están relacionados con la admisión en evidencia de un ticket de *bolipool* y con la suficiencia de la prueba. El ticket fué suficientemente identificado por el testigo Jusino, como el mismo que fué vendido por Feliciano a Méndez Olivencia. No erró la corte inferior al admitirlo en evidencia. La prueba, a la cual dió crédito la corte sentenciadora, es a nuestro juicio suficiente para justificar la sentencia recurrida, *la cual debe ser confirmada.*··