.El Pueblo de Puerto Rico, demandante y apelado, *v.* Miguel Estronza, acusado y apelante.

Núm. 8457.—*Sometido:* Enero 21, 1941. *Resuelto:* Enero 22, 1941.

*Negrón López & Negrón López,* abogados del apelante; *Hon. Procurador General George A. Malcolm, R. A. Gómez, Fiscal del Tribunal Supremo y Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

Miguel Estronza fué convicto de infracción a las secciones 3 y 4 de la Ley núm. 25 de 1935 (Leg. Ext., pág. 153) y sentenciado a pagar una multa de $200 y las costas. De la prueba resulta que mediante una orden de allanamiento fué registrado el establecimiento comercial del acusado en San Germán, y en una caja de caudales que fué abierta por el

acusado a requerimiento de la policía, aparecieron 420 *tickets* de *bolipool;* pero no existe ninguna otra evidencia que conecte al acusado con dicho juego prohibido ni tampoco se probó que el establecimiento en cuestión fuera en alguna forma dedicado a la manipulación o administración del referido juego. Alega el apelante que la evidencia no es suficiente para sostener la sentencia apelada y en ello conviene el Fiscal de este Tribunal, invocando ambos lo resuelto en el caso de *Pueblo* v. *Salabarría,* 57 D.P.R. 130, del cual tomamos los siguientes párrafos:

"¿Es suficiente esta evidencia para sostener la sentencia en este caso dictada?

"A nuestro juicio no lo es. El mero hecho de que se ocupen en la residencia del acusado objetos que se usan generalmente para llevar a efecto el juego de 'la bolita' es insuficiente en ausencia de otra prueba tendente a demostrar que dichos objetos se están utilizando o que la habitación o residencia es dedicada a llevar a cabo en ella el referido juego.

"  .        .        .        .        .        .        .        .

"La letra clara de la ley no deja dudas de que la mera ocupación de los implementos en una casa, habitación, etc., no es suficiente para sostener una sentencia por infracción a dicha ley. Para que la tenencia de tales artefactos en una habitación, casa, etc., constituya delito, es indispensable el concurso de otra evidencia tendente a probar que dicha habitación, edificio, estructura, etc., se dedique a la manipulación de los juegos a que dicha ley se refiere. Claro es que la ley no exige que en el momento de diligenciar la orden de allanamiento se estén manipulando dichos juegos, siendo suficiente que se demuestre que dicha habitación, sitio, etc., se dedique (*devote,* como dice la edición inglesa) a dicha manipulación. En el caso de autos ninguna evidencia se presentó a ese efecto.

"  .        .        .        .  .        .        .        .

"En el caso de autos la prueba quedó limitada exclusivamente a la ocupación de los implementos debajo de una cama en la habitación en que residía el acusado.

"La sección 4 de la ley, que también se alega infringida, no tiene aplicación a los hechos de este caso. Dicha sección se refiere a la portación o conducción por cualquier persona de cualquier papeleta, billete, etc., así como también a que el acusado sea 'dueño, apoderado,

agente, encargado, director o administrador de los juegos prohibidos por esta Ley,' de lo cual no existe prueba alguna en este caso, aunque en la denuncia se alegue que el acusado actuaba como agente y administrador, etc.''

Es imposible distinguir el caso de autos del de *Salabarría*, supra, cuya doctrina ratificamos.

*Por lo tanto, procede declarar con lugar el recurso y revocar la sentencia apelada.*