El Pueblo de Puerto Rico, demandante y apelado, *v.* Pedro Rosa Rivera, acusado y apelante.

Núm. 8806.—*Sometido:* Julio 14, 1941. *Resuelto:* Julio 23, 1941.

*E. Díaz Santana* y *E. Mieres Calimano,* abogados del apelante; *Hon. Procurador General Interino, Emilio de Aldrey,* y *R. A. Gómez, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

Pedro Rosa Rivera apela de la sentencia de $50 de multa o un día de cárcel por cada dólar que deje de pagar que le impuso la Corte de Distrito de San Juan por una infracción a la sección 4ª. de la ley de 25 de julio de 1935 ((2) pág. 153) conocida por Ley de la Bolita. La denuncia dice en lo pertinente así:

''...Que en 11 de enero, 9:15 P. M. de 1940, y en la calle 10 del Bo. Capetillo de Río Piedras, del Distrito Judicial Municipal de

Río Piedras, que forma parte del Distrito Judicial de San Juan, P. R., el referido acusado, allí y entonces, ilegal, voluntaria y maliciosamente y a sabiendas de que los mismos se utilizan y se están utilizando en el juego ilegal de BOLITA, juego declarado estorbo público, *transportaba,* ciento cincuentidós listas de números de tres cifras, las cuales listas de número representan—los tres primeros guarismos—el número escogido o seleccionado por el comprador o jugador del mismo—y el número, que está separado por un guión del referido número de tres cifras—el número de acciones comprado por el comprador o jugador, y sabiendo el acusado que cada número o grupo de números representa una acción o interés en una lotería clandestina vulgarmente conocida con el nombre de Bolita''. (Itálicas nuestras.)

El apelante hace tres señalamientos de error, a saber, primero que la denuncia no imputa delito alguno al no especificar de manera clara y terminante, infracción alguna a cierta y determinada sección de dicho estatuto; segundo, que la sentencia es contraria a la prueba, y tercero que la corte inferior cometió manifiesto error al aceptar en evidencia prueba que no sostenía las alegaciones de la denuncia.

El primer error es completamente frívolo. La denuncia claramente imputa al acusado una infracción a la sección 4 de la ley 25 de julio 17 de 1935, y al exponer los hechos se dice que consistió en *transportar* ilegal, voluntaria y maliciosamente y a sabiendas de que las mismas se utilizan y se están utilizando en el juego ilegal de Bolita cierta cantidad de listas de números y se explica el significado de las mismas. El caso de *El Pueblo* v. *Salabarría,* 57 D.P.R. 130, citado por el apelante no es aplicable al de autos. En aquél se imputó al acusado el delito de manipular el juego de bolita previsto en la sección 3 de la ley y se resolvió que la mera ocupación de implementos o material que se usen en dicho juego, sin más prueba, no es suficiente para sostener la denuncia. Expresamente se distinguió dicha situación de la actual en que se imputa al acusado el delito de *transportar* papeletas, etc. cuando se dijo:

"La sección 4 de la ley, que también se alega infringida, no tiene aplicación a los hechos de este caso. Dicha sección se refiere a la *portación o conducción* por cualquier persona de cualquier papeleta, billete, etc., así como también a que el acusado sea 'dueño, apoderado, agente, encargado, director o administrador de los juegos prohibidos por esta ley,' de lo cual no existe prueba alguna en este caso, aunque en la denuncia se alegue que el acusado actuaba como agente y administrador, etc." (Itálicas nuestras.)

El segundo y tercer señalamiento pueden resolverse conjuntamente pues se refieren a la prueba. Al discutir estos errores el apelante insiste en tratar el caso como uno de manipulación del juego de Bolita por parte del acusado y no de transportación. Somos de opinión que la declaración del testigo de El Pueblo, el detective Saturnino Romero, claramente demuestra que el acusado transportaba las listas de Bolita. Dicho testigo declaró, en parte:

"F.—¿Conoce usted al acusado Pedro Rosa Rivera?
T.—Sí, señor.
F.—¿Intervino con él en esa fecha?
T.—Sí, señor.
F.—¿Con qué motivo y en dónde?
T.—Pues el día 11 de enero, a las 9 y ¼ de la noche el detective Miranda y yo nos personamos en la calle 10 en un automóvil y sorprendimos al acusado con cuatro o cinco más que le estaban entregando colectas de bolita... Al nosotros bajar del automóvil *él estaba delante, frente a una casita,* en la calle 10; estaba la puerta abierta...la casita es de dos plantas con una escalera estrecha, *y él salió corriendo hacia la casa* y los otros se fueron *y nosotros lo perseguimos escalera arriba y al llegar arriba se puso las colectas y los chavos en una mesa y fueron ocupados y arrestado el acusado.*
F.—¿Y qué se ocupó allí?
R.—152 listas de bolita con números de tres cifras.
F.—¿Y qué más?
T.—Y $17.38 en efectivo.
F.—¿A quién se le ocupó eso?
R.—Al acusado.
F.—¿En dónde? ¿En qué pueblo fué eso?
T.—En Río Piedras, en la calle 10.

F.—¿De dónde hasta dónde llevó él ese dinero y la lista?

T.—Él estaba en la calle y cuando nosotros llegamos en el automóvil él subió para arriba y nosotros le seguimos hasta arriba. Una casita pequeña, de dos plantas.'' (Itálicas nuestras.)

El caso de *El Pueblo* v. *Rosario,* 55 D.P.R. 235, también citado por el apelante, tampoco le favorece pues, al igual que en el de *Pueblo* v. *Salabarría,* supra, se imputó al acusado el delito de manipular el juego de bolita y no el de transportar los materiales del mismo.

*Debe confirmarse la sentencia apelada.*