EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* PABLO PORTALATÍN CASTRO, acusado y apelante.

Núms. 10447, 10448.—*Sometidos:* Mayo 3, 1944. *Resueltos:* Mayo 16, 1944

*Jorge Díaz Cruz,* abogado del apelante; *R. A. Gómez, Fiscal del Tribunal Supremo* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

El apelante fué convicto de dos delitos de infracción a la sección 3 de la Ley núm. 25 de 17 de julio de 1935 ((2) pág. 153), consistentes dichos delitos en dedicarse el acusado en

dos distintas fechas a la manipulación del juego prohibido conocido por "bolita" o "bolipool." Los dos casos fueron sometidos con la misma prueba en la corte inferior, y de igual modo fueron sometidos ante esta corte por un solo alegato de cada parte. Alega el acusado que la prueba es insuficiente porque de los tres testigos que presentó el fiscal, Francisca Rodríguez y Juan Torres eran cómplices del acusado, y en cuanto al señor Ulises Torres, el juez de la corte inferior expresamente manifestó que no había dado crédito a su declaración.

Los hechos expuestos en las dos acusaciones imputan al acusado el dedicarse conjuntamente con Gonzalo Almodóvar a la explotación y manipulación del juego o banca clandestina denominado "bolita" o "boli-pool," el cual constituye el delito definido en la sección 3 de la citada ley.

■■ En el presente caso ni el acusado ni el coacusado, quienes fueron juzgados separadamente, fueron sorprendidos manipulando el juego, ni se ocupó ningún artefacto que pudiera conectar al acusado en forma alguna con el delito. Las sentencias están basadas exclusivamente en el testimonio de Francisca Rodríguez y en el del hijo de ésta, Juan Torres, quienes declararon que el acusado les entregaba *tickets* para la venta y que ellos los vendían y a su vez entregaban al acusado su producto y una lista que el testigo Juan Torres preparaba de los números de los tickets no vendidos; que los testigos recibían la remuneración de su trabajo, consistente en la diferencia entre un precio que les fijaba el acusado para cada ticket vendido y el precio en que los testigos lograban venderlos; que en cierta ocasión el padre del testigo Torres adquirió un ticket que salió premiado, y que el acusado rehusó pagar el premio alegando que el ticket no era de los que habían sido vendidos. Uno de los testigos declaró que el dueño del negocio era Almodóvar y el otro que lo era el acusado Portalatín, porque con éste era con quien él se entendía.

La prueba que acabamos de exponer no sostiene la acusación, pues aceptándola como cierta, los hechos que se imputan al acusado no constituyen una infracción a la sección 3. Lo que de dicha prueba resulta es que el acusado, al igual que los dos testigos antes mencionados, infringió la sección 4 de la Ley, toda vez que uno y otros se dedicaban a la venta de tickets de "boli-pool."

Sin duda existe una fatal incongruencia entre los hechos alegados en las dos acusaciones y los probados en el juicio. Esa incongruencia basta para absolver al acusado; pero asumiendo que los hechos imputados en las acusaciones hubieran sido los que realmente se probaron en el juicio, siempre tendríamos que revocar las sentencias, toda vez que el acusado y los dos testigos son cómplices, y siéndolo, la declaración de uno de ellos no puede corroborar la del otro. *State* v. *Tennyson* (Minn., 1942), 2 N. W. (2d) 833, 139 A.L.R. 987, 989, y casos citados; *Cudjoe* v. *State,* 1916F L.R.A. 1251, 1253; *Burns* v. *State* (Okla.), 117 P. (2d) 155; *People* v. *Creegan* (Calif.), 53 P. 1082; *People* v. *O'Farrell* (N. Y.), 67 N.E. 588; Underhill's *Criminal Evidence,* §158, pág. 269.

El caso de *El Pueblo* v. *Cerecedo,* 21 D.P.R. 56, en que basó sus sentencias el juez de la corte inferior, y el de *Pueblo* v. *Cardona,* 57 D.P.R. 695, invocado por el fiscal de este tribunal, no son aplicables. No lo es el primero porque lo que se sostuvo en él fué que el comprador de un billete de lotería no cometía delito alguno. Tampoco es aplicable el de *Cardona* porque lo que en éste se resolvió fué que el comprar un ticket de "boli-pool" no constituye delito. Es obvio, pues, que en los casos de *Cerecedo* y de *Cardona* los compradores no podían ser cómplices puesto que ningún delito habían cometido. En éste, por el contrario, los dos testigos en cuestión no eran meros compradores de tickets de "boli-pool," sino agentes que se dedicaban a venderlos en contravención de la sección 4 de la ley.

*Por las razones antes expuestas, procede la revocación de las sentencias apeladas.*