EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* MONSERRATE TORO SANTANA, acusado y apelante.

Núm. 11658.—*Sometido:* Diciembre 3, 1946. *Resuelto:* Diciembre 3, 1946.

*Jorge Díaz Cruz,* abogado del apelante; *Hon. Procurador General Interino Luis Negrón Fernández* y *Joaquín Correa Suárez, Fiscal Auxiliar del Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

En la denuncia en este caso se imputó al acusado Monserrate Toro Santana una infracción de la sección 4 de la Ley núm. 25 de 17 de julio de 1935 ((2) pág. 153), que declara estorbo público los juegos denominados *Boli-Pool,* Bolita, etc., consistente dicha infracción en que "se le ocuparon, en momentos que los transportaba o conducía en la mano 52,200 quintos de boli-pool o bolita, . . .". Fué convicto, en grado

apelativo, por la Corte de Distrito de Ponce y, sentenciado a pagar una multa de $50 y las costas, apeló para ante esta Corte Suprema.

El segundo error señalado es al efecto de que la corte inferior erró en la apreciación de la prueba y estimar la misma suficiente para condenar. El fiscal de esta Corte, en su alegato, se ha allanado a la revocación solicitada por el apelante por considerar que este error fué cometido. Veamos.

El artículo 4 de la ley antes mencionada dispone, en lo pertinente, que "Toda persona que fuere sorprendida portando o conduciendo cualquier papeleta, billete, *ticket*, libreta, lista de números o implementos, a sabiendas de que se utilizan o están utilizando para los juegos ilegales de la 'bolita', '*boli-pool*', etc.", convicta que fuere de dicho hecho podrá ser castigada en la forma que dicho artículo provee.

La declaración del único testigo de cargo en este caso fué al efecto de que al allanar la casa de Marcelo Santana en Yauco ". . . sorprendimos a este joven (el acusado) en uno de los cuartos de su casa que manipulaba allí billetes de boli-pool o boletos de una lotería clandestina que se juega en Puerto Rico con las últimas tres cifras del premio mayor de la Lotería de Santo Domingo; los echaba dentro de un maletín, . . ." Que el acusado "bregaba con la bolita y la echaba dentro de un maletín."

Esa fué toda la prueba de cargo en relación con el delito imputado. A nuestro juicio es claramente insuficiente. El hecho de que el dueño de la casa, al declarar como testigo de defensa, dijera que él no sabía como habían llegado esós boletos o papeletas a su casa, no justificaba a la corte inferior a concluir como lo hizo al dictar sentencia, de que fué el acusado quien llevó dicho material a la casa de Marcelo Santana.

Los verbos "portar" y "conducir" usados en el artículo cuarto, supra, significan "llevar o traer" y "llevar, transportar de una parte a otra," respectivamente, según el Dic-

cionario de la Lengua Española publicado por la Real Academia. La modalidad especificada en dicho artículo cuarto, por tanto, es distinta a la del artículo tercero de la misma ley que trata sobre la "manipulación" de los juegos antes mencionados.

En el caso de *Pueblo* v. *Portalatín*, 63 D.P.R. 641, resolvimos, citando del sumario, que "Prueba que sólo demuestra que el acusado se dedicaba a la venta de *tickets* del juego de 'boli-pool' no sostiene una acusación por explotar y manipular dicho juego. La incongruencia entre la acusación y la prueba, siendo fatal, basta para absolver al acusado." Y en el curso de la opinión, después de analizar la prueba, dijimos a la página 643: "La prueba que acabamos de exponer no sostiene la acusación, pues aceptándola como cierta, los hechos que se imputan al acusado no constituyen una infracción a la sección 3. Lo que de dicha prueba resulta es que el acusado, al igual que los dos testigos antes mencionados, infringió la sección 4 de la Ley, toda vez que uno y otros se dedicaban a la venta de tickets de 'boli-pool.' "

En el caso de autos, la declaración del único testigo de cargo, aún aceptándola como cierta, es insuficiente para dejar demostrado que el acusado portaba o conducía los billetes de "boli-pool" en violación al artículo cuarto de la Ley ya que, según resolvimos en el caso de *Pueblo* v. *Salabarría*, 57 D.P.R. 130, 133: "La letra clara de la ley no deja dudas de que la *mera ocupación* de los implementos en una casa, habitación, etc., no es suficiente para sostener una sentencia por infracción a dicha ley." (Bastardillas nuestras.) Tampoco puede constituirla del imputado delito de portar o conducir dichos implementos la mera ocupación de los billetes dentro de una casa por el hecho de que el acusado los estuviera metiendo dentro de un maletín.

*Debe revocarse la sentencia apelada y absolverse al acusado.*

El Juez Asociado Sr. Snyder no intervino.