El Pueblo de Puerto Rico, demandante y apelado, *v.*
Oscar Vega Vega, acusado y apelante.

Núm. 12210.—*Sometido:* Noviembre 3, 1947. *Resuelto:* Noviembre 24, 1947.

*William Morales Torres,* abogado del apelante; *Hon. Procurador General Luis Negrón Fernández* y *J. Rivera Barreras, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

El Juez Asociado Señor Marrero emitió la opinión del tribunal.

Luego de celebrar un juicio *de novo,* la Corte de Distrito de Mayagüez declaró al acusado Oscar Vega Vega culpable del delito de infracción a la Ley de *Boli-pool* y lo condenó a pagar $100 de multa o un día de cárcel por cada dólar que dejare de pagar, sin costas.([1])

No conforme con la sentencia dictada en su contra, el acusado ha apelado para ante este Tribunal y en su alegato sostiene que la corte inferior cometió error: (1) al declararlo culpable y convicto de infracción a la sección tercera de la Ley de 17 de julio de 1935; (2) al admitir evidencia que fué

---

([1])De acuerdo con el artículo 54 del Código de Enjuiciamiento Criminal, según fué enmendado por la Ley núm. 11 de 8 de abril de 1916, pág. 45, la reclusión total por falta de pago de la multa no deberá exceder de 90 días.

ilegalmente obtenida y (3) al apreciar la prueba y considerar la misma suficiente para justificar la sentencia condenatoria.

Como a nuestro juicio el tercer error señalado ha sido cometido por la corte *a quo,* es innecesario que discutamos los dos primeros errores imputádosle. (El fiscal de esta Corte se aviene a la revocación por entender que se ha incurrido en el error que pasamos a discutir.)

En la denuncia se alega sustancialmente que en 17 de febrero de 1946, y en Sabana Grande, Puerto Rico, el acusado Oscar Vega Vega, ilegal, voluntaria y maliciosamente violó lo dispuesto en la sección tercera de la Ley 25 del 17 de julio de 1935, consistente en que en la fecha y hora antes indicadas fué sorprendido en momentos en que manipulaba boletos de boli-pool, y cotejaba y hacía anotaciones con un pedazo de lápiz; y que "el acusado manipulaba la evidencia como agente-administrador."

La sección 3 de la Ley núm. 25 de 17 de julio de 1935 (Segunda Legislatura Extraordinaria, pág. 153) provee que "Cuando la Policía Insular de Puerto Rico, previa orden de allanamiento expedida por magistrado competente, sorprendiera a una o varias personas en cualquier habitación, casa... que se esté dedicando a la *manipulación* de los juegos conocidos por 'bolita', 'boli-pool'... deberá, después de incautarse de todos los implementos... dar traslado del asunto a la corte municipal correspondiente y al Fiscal de Distrito, para que se proceda contra dicha persona o personas de conformidad con las disposiciones de esta Ley." Ella no fija penalidad alguna y es tan sólo en la sección 4 que hallamos lo siguiente: "y todo dueño, apoderado, *agente,* encargado, director o *administrador* de los juegos prohibidos por esta ley, convicto que fuere, podrá ser castigado a pagar una multa no menor de cien (100) dólares ni mayor de doscientos (200) dólares, o a sufrir cárcel por un término no menor de sesenta (60) días ni mayor de cuatro (4) meses." (Bastardillas nuestras.)

La prueba de El Pueblo consistió meramente en la declaración del policía Vicente Garrastazú, quien fué uno de los oficiales públicos que diligenció la orden de allanamiento librada contra Amado Vega Vega, hermano del aquí apelante. Nos dice este testigo en síntesis que allá para el 17 de febrero de 1946, él prestaba servicios en Sabana Grande; que conoce a Oscar Vega Vega; que a las 9 de la mañana del día indicado y mediante orden de allanamiento procedió a registrar la casa de Amado Vega Vega, sorprendiendo al acusado manipulando con 219,500 quintos de boli-pool y 731 listas, procediendo él entonces al arresto de Oscar Vega Vega; que había una caja encima de una mesa y Oscar echaba dentro los boletos, después de hojearlos; que procedió a ocuparlos, luego de entregar al acusado la orden de allanamiento, y a arrestarlo y llevarlo al cuartel; que en ese momento el acusado estaba sólo y cuando ellos entraron Oscar dijo: "me cogieron";(²) y que él sabe cómo se juega ese juego.

La prueba de la defensa, no creída por la corte inferior, tendió a demostrar que en momentos en que se practicó el allanamiento de la casa de Amado Vega Vega el acusado se hallaba en el hospital del pueblo de Sabana Grande, donde llevó a curar a un niñita que se había herido, y que al regresar con ésta a la casa fué arrestado por la policía.

No hubo prueba de clase alguna que tendiera a demostrar que el acusado al momento de ser arrestado manipulara como agente o administrador la evidencia que se le ocupó. La mera posesión o tenencia, dentro de una casa o habitación, de cualesquiera artefactos, materiales o enseres utilizados en los juegos prohibidos por la Ley 25, supra, no constituye delito público. *Pueblo* v. *Toro,* 66 D.P.R. 723; *Pueblo* v. *Gómez, Per Curiam,* 61 D.P.R. 977 y *Pueblo* v. *Estronza,* 57 D.P.R. 897. Para que tal posesión o tenencia constituya delito, es indispensable el concurso de otra evidencia tendiente a probar que la habitación, edificio, estructura, etc., se dedica a la manipu-

(²)*Cf: Pueblo* v. *Morales,* 51 D.P.R. 204 y *Pueblo* v. *Rosario,* 55 D.P.R. 233.

lación de los juegos a que hace referencia la indicada Ley. *Pueblo* v. *Salabarría,* 57 D.P.R. 130, 133.

En el presente caso, según se recordará, se imputaba al acusado la manipulación de boletos de boli-pool sobre una mesa y el hacerlo así como agente-administrador. La prueba aportada no revela en manera alguna que él actuara en uno u otro carácter. Ni siquiera se hace mención de estas palabras en las declaraciones de los testigos de cargo o de descargo que desfilaron en el caso.([3]) La sección 4 de la Ley, que como antes indicamos es la que fija la penalidad, castiga a "todo dueño, . . . agente, . . . o administrador. . ." No habiendo evidencia alguna demostrativa de que el acusado actuaba en el concepto alegado en la denuncia, se ha dejado de probar uno de los elementos esenciales del delito imputádole. *Pueblo* v. *Salabarría,* supra, pág. 134; *Pueblo* v. *Estronza,* supra, pág. 899; y *Pueblo* v. *Castro* (*Per Curiam*) 59 D.P.R. 994. Bajo estas circunstancias el acusado no debió ser convicto.

*La sentencia apelada, en su consecuencia, será revocada y absuelto el acusado.*

---

([3]) Uno de los testigos de la defensa lo fué el policía Ismael Cherena, quien acompañó al policía Garrastazú al allanar la casa de Amado Vega Vega y quien corroboró con su declaración la de Garrastazú.